### H. W. BALLARD v. MRS. NORA WHEELER.

#### Decided April 21, 1900.

**Jurisdiction of District Court in Probate Matters Is Appellate.**

Since the jurisdiction conferred by the Constitution upon the district court in probate matters is appellate only, it has not jurisdiction of a suit originally brought therein by petition for certiorari to the county court to review an order of the latter court appointing an administrator of an estate, and to have plaintiff, upon a trial de novo in the district court, appointed as such administrator. Const., art. 5, sec. 8; Rev. Stats., art. 1920.

APPEAL from Crosby. Tried below before Hon. S. I. NEWTON.

*Joe E. Rosson* and *J. Wilson Boyle,* for appellant.

*G. L. Beaty* and *Green & Stewart,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—In April, 1899, the appellee was appointed and duly qualified as administratrix of the estate of L. C. Wheeler, deceased, by the County Court of Crosby County. This suit was brought by the appellant in the District Court of Crosby County by petition for certiorari, filed July 25, 1899, to revoke said order and to

have appellant, upon a trial de novo in the District Court, appointed administrator of said estate. The petition was dismissed by the District Court for want of jurisdiction, and from that judgment this appeal is taken.

Article 5, section 8, of the Constitution gives the district court appellate jurisdiction in probate matters, including the granting of letters testamentary and of administration, and original jurisdiction and general control over executors, administrators, etc., under such regulations as may be prescribed by law. It has been decided that, under this article of the Constitution, the jurisdiction of the district court in cases like this is appellate only. Frank v. Chapman, 60 Texas, 46.

The power to revoke letters of administration and to grant other letters in the first instance is original jurisdiction, and belongs exclusively to the county court. It is expressly provided in article 1920 of the Revised Statute that "letters shall not be revoked and other letters granted under the provisions" of law regulating the probate jurisdiction of the county court, "unless application therefor has been filed and the executor or administrator has been cited to appear at a regular term of the (county) court and show cause why such application should not be granted." Until this has been done, the district court is without jurisdiction to try the issue, since its jurisdiction in such cases is appellate only. An issue must first be made and determined in the court of original jurisdiction, before the jurisdiction of the appellate tribunal can attach.

Concurring, therefore, with the District Court, we affirm the judgment.

*Affirmed.*