HUTCHENS et al. v. DRESSER et al.
(No. 8647.)

(Court of Civil Appeals of Texas. Ft. Worth. May 21, 1917. Rehearing Denied June 23, 1917.)

1. COURTS ⟨⟩247(3)—JURISDICTION—DISTRICT COURT.

The district court has appellate jurisdiction only over the administration of estates of deceased persons.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 759, 760.]

2. COURTS ⟨⟩472(3)—EXCLUSIVE OR CONCURRENT JURISDICTION—PROBATE JURISDICTION.

Under Const. art. 5, § 16, giving county courts the jurisdiction of probate courts, and Vernon's Sayles' Ann. Civ. St. 1914, art. 3358, providing the provisions of a probated will shall be executed unless annulled by an order of the court probating it, the county court has exclusive original jurisdiction over probate matters.

3. PARTITION ⟨⟩38—JURISDICTION—PENDING ADMINISTRATION PROCEEDINGS.

The district court has no jurisdiction to partition an estate where administration proceedings are pending upon appeal to the district court from the county court and the questions raised in the partition suit could have been raised in the administration proceedings.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 91, 92.]

4. WORDS AND PHRASES—"PENDING."

The word "pending" means undecided or undisposed of.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Pending.]

5. HUSBAND AND WIFE ⟨⟩273(3)—COMMUNITY PROPERTY—WAIVER.

A wife's acceptance of her husband's will, which disposed only of his interest in their community property, does not waive her community rights.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1011.]

Appeal from District Court, Cooke County; C. F. Spencer, Judge.

Partition suit by Jennie Hutchens and G. C. Dresser against Richard Dresser and others. From a judgment dismissing the suit, plaintiffs appeal. Affirmed.

J. T. Adams and Stuart, Bell & Moore, all of Gainesville, for appellants. W. E. Murphy, H. S. Holman, and Culp & Culp, all of Gainesville, for appellees.

BUCK, J. Appellants, Jennie Hutchens, joined by her husband, and G. C. Dresser, filed suit for partition against their two sisters and three brothers, alleging that the two plaintiffs and the five defendants were the children of E. J. Dresser and Zenobia C. Dresser, both deceased; that each child was entitled to a one-seventh undivided interest in the property left by their deceased father, which consisted of certain described lots and personal property, of the alleged aggregate value of $17,869.15; that by the will of their deceased father each child was to receive a one-seventh interest in the community estate of their parents, subject to a life estate in the same in favor of their mother, she having survived the father; that during the life of plaintiff's mother they each received from her out of the personal property the sum of $1,200; that defendants had exclusive possession of all of said property remaining, and they denied that plaintiffs had any interest in or title thereto. It was alleged that the property consisted largely of notes, claims, and cash, and was liable to be wasted or lost unless a proper person was designated and appointed by the court to

take charge thereof. Wherefore they prayed for the appointment of such person, and, upon final hearing, for partition. A copy of the inventory and appraisement in the matter of the estate of E. J. Dresser filed by Mrs. Zenobia C. Dresser, independent executrix, was attached to the petition, also a copy of the will of the deceased father.

Defendants answered, alleging that by the will of the deceased father his one-half interest in the community estate of himself and wife was disposed of; that the will was duly probated by their mother, as independent executrix; that soon thereafter these plaintiffs became insistent to obtain their interest in the estate of their deceased father, notwithstanding the provisions giving the mother a life estate therein, and accordingly said mother, as such executrix, paid each plaintiff the sum of $1,200, the same being their proportionate share of their father's estate after the payment of the expenses of the last sickness of their father and the expenses incident to the probating of the will; that plaintiffs had executed a complete release to their mother, as executrix, of all claims they might have in and to the estate of their father; and that they now have no right or title to any part thereof. They further alleged that Mrs. Zenobia C. Dresser died on March 18, 1914, leaving a will by which she disposed of all of her estate; that said will had been duly probated in the probate court of Cooke county, the plaintiffs contesting the probating thereof; that plaintiffs, as such contestants, had given notice of appeal from the judgment of the probate court, and that the case was then pending in the district court of Cooke county; that the county court of Cooke county was a court of general jurisdiction, and had the sole and exclusive jurisdiction to probate said will and to administer the estate of the said Zenobia C. Dresser, deceased, in accordance with said will; and that the district court had no jurisdiction other than to adjudicate and to pass upon the application to probate said will upon the appeal perfected as aforesaid and then pending in said district court. Wherefore defendants prayed that the instant suit abate for want of jurisdiction. Defendants further pleaded in the alternative, by way of general demurrer and special exceptions. They admitted that the inventory and appraisement pleaded by plaintiffs was probably correct, but denied that by the terms of the will of their deceased father, E. J. Dresser, there was a disposition of and equal division of the property belonging to the entire community estate, but that said will only disposed of the said E. J. Dresser's community interest in the estate of himself and wife; that by the terms of said will deceased's wife and plaintiff's mother took a life estate with a remainder therein to the children; and that the interests of the plaintiffs in their father's estate had long since been settled, and the executrix had received a release therefor. Attached to said answer a copy of two deeds by the plaintiffs to their mother covering certain real estate contained in the inventory aforesaid and a copy of the receipt given by the plaintiffs to their mother for the payment of $2,402.74 acknowledged to be in full settlement of plaintiffs' interests in their father's estate, which release approximated the value of some $8,409.63. This receipt and acquittance, as well as the deeds mentioned, were duly acknowledged by plaintiffs.

Plaintiffs, by way of supplemental petition, denied that the will of their father passed, or was intended to pass, an undivided one-half interest in and to the community estate of their father and mother to the mother of plaintiffs and defendants, but alleged that their father by said will devised and bequeathed to the mother of plaintiffs and defendants the entire community estate during her lifetime, and provided that at her death the entire estate was to be divided equally between plaintiffs and defendants; that the mother of plaintiffs and defendants so regarded said will, and after the death of their father she caused said will to be probated, accepted the terms of said will, and elected to take thereunder, and waived thereby any community interest in and to the property in controversy. It was further pleaded that the parents of plaintiffs and defendants, being advanced in years, and desiring to mutually provide for their children, did on or about the 31st day of May, 1911, each make a will of the same purport and tenor, by the terms of which the survivor was to have the use of all the community estate during his or her life, and at the death of the survivor the community property should be divided equally among the children; that by reason of the premises aforesaid their mother, as such survivor, became and was the trustee for the use and benefit of all of their said children named in their father's will, and of all the community property belonging to the joint estate; and that the mother had no legal right or authority to make any disposition by will or otherwise of said property contrary to the terms of the will of said father, but the legal title to all said community estate vested in the children, subject to the life estate in favor of their mother, upon the death of the father. They further denied that they intended to receipt for and acknowledge a full payment of their entire interest in and to the joint estate of their parents, but only intended to receipt for one-half of their interest in said joint estate, which was their proportionate part of their father's half interest in said joint estate. They further attacked the validity of the will made by their mother and of the proceedings had with reference thereto.

Upon a hearing of defendant's exceptions

to plaintiffs' petition raising the question of the jurisdiction of the district court to hear and determine the issues presented, the court rendered a judgment holding that the county court of Cooke county had exclusive original jurisdiction of all of the issues involved in this suit, and dismissed the suit, and the plaintiffs appealed.

[1-4] We are of the opinion that under the facts pleaded the judgment rendered was correct. The jurisdiction of the district court in the administration of estates of deceased persons is appellate only. Levy v. W. L. Moody & Co., 87 S. W. 205; Ballard v. Wheeler, 23 Tex. Civ. App. 422, 56 S. W. 946; Ralston v. Stainbrook, 187 S. W. 413. The county court has original exclusive jurisdiction over probate matters. Article 5, § 16, Constitution of Texas; article 3358, Vernon's Sayles' Texas Civil Statutes; Hilgers v. Hilgers, 159 S. W. 851; Buchner v. Wait (writ denied) 137 S. W. 383; Franks v. Chapman, 60 Tex. 46; Fisher v. Wood, 65 Tex. 199. The plaintiffs having admitted that they received their proportionate part of the one-half interest of their father in the community estate, and the averment of defendants that there was now pending on appeal to the district court from the county court a case involving the probate of the last will and testament of Mrs. Dresser, the mother, and the plaintiffs not having denied this averment, but, on the other hand, having admitted the same, the district court in original action was without jurisdiction to determine the question of title to the remaining one-half of the community estate and to award a partition thereof. The jurisdiction of the district court to partition estates can be invoked only where no administration thereon is pending. This rule is recognized in Williamson v. McElroy, 155 S. W. 998, cited by appellants, where it is said:

"Again, there was no administration pending upon the estate in question, and the plaintiffs and defendants, being joint owners of said estate, were entitled, as a matter of right, to have it partitioned among them according to their respective interests; and the district court having concurent jurisdiction with the county or probate court to partition estates, where no administration is pending, the district court was not without jurisdiction to partition the property involved in this suit."

The case of Japhet v. Pullen, 133 S. W. 441, cited by appellants in support of their contention, shows that in that case the appellee. Mrs. Bettie Pullen, brought suit against Mrs. Ida Japhet as independent executrix without bond of the estate of plaintiff's deceased father; that said executrix "duly qualified as such under said testamentary appointment, and, after filing an inventory and appraisement and list of claims as such executrix, the matter of the estate was dropped from the probate docket, and she took possession in her own right as owner of an undivided one-half of the property, and as independent executrix of all the property of the estate, it being community property of herself and deceased husband." The matter of the administration of the estate in the cited case was not, therefore, pending. The word "pending," as here used, means undecided or undisposed of. The plaintiff, having married since her father's death, and therefore being emancipated, was entitled to recover her part of her father's estate against the executrix and to enforce a partition in any court of competent jurisdiction. Hence the holding in the cited case that the district court had jurisdiction to determine in whom the equitable title to the property involved was and decree a partition thereof.

In Bente v. Sullivan, 52 Tex. Civ. App. 454, 115 S. W. 351, also cited by appellants, it was held that an action by a widow against the executor of her husband's will for the setting apart to her of her homestead exemption, she electing not to take under the will, was not a suit to set aside any provision of the will, but was merely an assertion of right by decedent's wife to property which she was entitled to recover against the executor, over which the district court had jurisdiction if the necessary jurisdictional amount was in controversy, as the executor in defending the suit was acting independently of the probate court.

The case of Wiseman v. Swain, 114 S. W. 145, also relied on, was a suit by a creditor of the decedent against the latter's widow, who had been granted letters of survivorship and her bondsmen to establish a debt. It was there held that the district court had jurisdiction to entertain the suit. There, too, the evidence and pleadings showed that the defendant had fully administered the estate and made a distribution of it among the heirs. The court says:

"If the county court had any control over her, it had lost it by a full administration of the estate."

In Leatherwood v. Arnold, 66 Tex. 414, 1 S. W. 173, it is said:

"The creditor may reach the bond of the survivor by a proceeding under the statute, or he may pursue the remedy by judgment and execution."

In none of these cases referred to was the question of validity of the will which purported to dispose of the property in controversy still pending in the probate court, or in the district court on appeal; hence we do not think they are pertinent to the facts of the instant case. Appellants acknowledge they have received each their one-seventh interest in their father's one-half of the community estate. Their suit here is for an alleged interest in the other half which their mother purported to dispose of by her will. Until the validity of Mrs. Dresser's will has been finally decided, and in favor of the contestants, the plaintiffs have no enforceable right to partition of their mother's said one-half of the community estate.

[5] It may be proper for us to say here, in view of our disposition of the case, that in

our opinion on its face the will of the father, E. J. Dresser, does not purport to dispose of the entire community estate, but only of his one-half interest therein. Hence the acceptance of the terms of said will by Mrs. Zenobia C. Dresser would not constitute an election by her and a waiver of her community rights. If the plaintiffs here, and contestants in the county court, questioned the purport of the father's will, and should insist that said will indicated an intention and purpose on the part of the testator to dispose of the entire community estate, that issue could properly be determined in the proceeding looking to the probate of the mother's will. It does not appear that she had any separate estate, and if the father's will disposed of the entire community estate and the mother elected to take thereunder, and to accept the life estate in the entire estate in lieu of her right to the one-half of such community estate, then there would be no property subject to disposition by her, and the will would not be subject to probate. Therefore all of the contentions of plaintiffs here presented would have been available, and doubtless were urged by them as contestants, in the county court. That case still pending, a suit of the character disclosed in plaintiff's pleadings in the instant case could not be maintained until the questions involved in the county court proceedings were settled. We do not wish to be understood as passing upon the right of plaintiffs in the proper court, and at the time to recover any interest they may show themselves entitled to recover further in the community estate. Such question is not before us.

We think the judgment should be affirmed; and it is so ordered.