**CHAISON et al. v. CHAISON.**

**No. 3590.**

Court of Civil Appeals of Texas. Beaumont.

Jan. 18, 1940.

Rehearing Denied Jan. 24, 1940.

Geo. E. Holland and LeRoy McCall, both of Beaumont, for appellants.

C. A. Lord, of Beaumont, for appellee.

WALKER, Chief Justice.

On the 24th day of January, 1928, W. G. Chaison, as trustor, and Chas. J. Chaison, Jef C. Russell, and Brandon Bryan, as trustees, entered into the following written contract:

"The State of Texas

"County of Jefferson

"Memoranda of Agreement by and among W. G. Chaison, hereinafter referred to as Trustor, of said county and State, and Charles J. Chaison, Jef C. Russell and Brandon Bryan, of the county of Jefferson and State of Texas, and their successors in trust, hereinafter referred to as Trustees, Witnesseth:

"The several parties hereto join herein, and bind themselves to the various and sundry provisions of this agreement in recognition and in consideration of benefits, directly and indirectly, moving to them hereunder or in consideration of the transfer of values from Trustor herein as hereby effected.

"Trustor hereby assigns, transfers and delivers unto said trustees one hundred ten (110) shares of the capital stock of Jef Chaison Townsite Company, the same being evidence by certificate No. 59:

"To Have and to Hold unto the said Trustees for the uses and purposes hereinafter set out, to-wit:

"First: That said Trustees shall have full power to vote said shares of stock at any corporate meeting of said company as fully as Trustor could if present and participating therein, conditioned only that such voting of said stock shall not defeat the purpose of this trust.

"Second: That in the event of the death of either of the Trustees herein provided, the vacancy so created shall be filled within thirty (30) days after the happening of such event by Eloise Chaison, my niece, if living. If my said niece be not living, or be incapacitated or unwilling to perform the duty or duties of Trustee, and if the two remaining Trustees are unable to agree on the successor of the deceased Trustee, then Trustor reserves the right with either

of said remaining Trustees to designate such third Trustee and in the event of the death of Trustor before the expiration of this trust, the majority in interest of Trustor's legal heirs may act as a unit with either of said remaining Trustees to designate such successor. The designation of any succeeding Trustee shall be made in writing within thirty (30) days after the death or inability to act of any of the Trustees named herein and their successors, and attached hereto.

"Third: That the Trustees acting hereunder shall be liable only for the exercise of ordinary care in the performance of this trust.

"Fourth: That the trustor hereby parts with all title and interest in the shares of stock hereby assigned, except such interest and rights as are specifically retained herein. Said rights or interest retained herein by Trustor are not assignable, and no debtor other obligation created or to be created by Trustor, or his heirs, shall be chargeable against this Trust, except as herein provided.

"Fifth: That during the period of this trust, the Trustee in office, if the corporate existence of Jef Chaison 'Townsite Company shall continue so long, shall have the right and duty so far as they may be able to do so, to collect all dividends on said stock from the said Jef Chaison Townsite Company and pay to said Trustor from said dividends or otherwise as herein provided, the sum of not less than Three Hundred & No/100 ($300.00) Dollars per month. When the dividends payable for any year shall exceed Thirty-six Hundred & No/100 ($3,600.00) Dollars, the excess thereof shall be payabe to trustor in the discretion of Trustees or may be invested for the use and benefit of Trustor, in stocks, bonds or other property, real or personal. In the event dividends on said stock are not sufficient to pay said Three Hundred & No/100 ($300.00) Dollars per month, said Trustees shall pay him said amount, to which end and for the other purposes herein set out, said Trustees are hereby authorized to sell or hypothecate said stock.

"Sixth: That the Trustees shall have full power to pay from the sale, hypothecation of said stock, or from monies of Trustor in the hands of the Trustees, as herein provided, any and all indebtedness payable by Trustor to Jef Chaison Townsite Company, or to other persons or corporations, advancing the necessary expenses to carry out the purposes of this trust, and it shall be the duty of the said Trustees upon the option of said Trustees or of said Jef Chaison Townsite Company made known to said Trustees in writing, subsequent to the time Trustor may become indebted to said company, to sell said stock, or any part of same, for cash at not less than the then book value of said stock and after paying Trustor's then indebtedness to said company to invest the remnant of said funds, if any, for Trustor's use and benefit, according to the judgment of the Trustees then acting hereunder. In the event of a liquidation of said company prior to the sale of Trustor's stock, the said Trustees shall have the power and it shall be their duty to invest the liquidating dividends payable on said stock after payment of said indebtedness of Trustor to said company, as hereinabove provided for the investment of the proceeds of the sale of said stock.

"Seventh: The Trustees hereby bind and obligate themselves, pending the time they may sell or hypothecate the said stock, to advance to Trustor on the first day of each month, either in dividends or the proceeds of sale or hypothecation of said stock, not less than Three Hundred & No/100 ($300.00) Dollars per month until liquidation of said company, and, in addition thereto, to advance for the account of Trustor chargeable against his dividends or against the proceeds of the sale or hypothecation of said stock, the taxes, insurance and necessary upkeep on Trustor's present homestead and reasonable expenses necessary for the burial of Trustor, or his children.

"Eighth: At the termination of this Trust, the benefits of this trust shall inure in equal interests to such of his children as may be living. If all of Trustor's said children are not living at the expiration of this Trust, then the benefits accruing to the deceased child or children, under this paragraph, shall pass and vest per stirpes, in the child or children, if any there be, of said deceased child or children, and if one or more of said children shall die without issue then the benefits accruing to said child or children, under this paragraph, shall pass in equal interests to the brothers and sisters of said child or children; provided, however, that any advancements made to the children of Trustor either before or after his death, shall be chargeable against said child and taken out of the

proportionate part coming to said child or children under the terms of this Trust.

"Ninth: This Trust shall be effective for a period of not less than Fifteen (15) years and during the natural life of Trustor and for six (6) months after his death.

"In Witness Whereof, the parties hereto have signed their names in quadruple originals at Beaumont, Texas, this 24th day of January, A. D. 1928.

"[Signed]    W. G. Chaison, Trustor
    "Chas. J. Chaison
    "Jef C. Russell
    "Brnadon Bryan, Trustees."

On the execution and delivery of this instrument, all parties entered upon its execution in the manner set out therein.

On the 30th day of July, 1938, W. G. Chaison executed his last will and testament, which, omitting formal parts, was as follows: "I do hereby give and bequeath to my beloved wife, Ella Arnett Chaison, in fee simple, to use and sell or otherwise dispose of as she may see fit, my homestead situated on Lots seven (7) to ten (10), inclusive, block sixty-five (65) of the Jef Chaison Second Addition to the city of Beaumont, Jefferson County, Texas. * * * It is my will and desire all the balance of my property, both real and personal that I may die seized and possessed of, after the payment of all my just debts, together with the expense incident to the probating of this will, shall pass to and vest in fee simple as follows, to-wit: To my wife, Ella Arnett Chaison, an undivided one-half (1/2); To my daughter, Juanita Chaison Miller, an undivided one-eighth (1/8); To my daughter, Clara Dora Chaison Carson, an undivided one-eighth (1/8); To my daughter, Margaret Chaison Matthews, an undivided one-eighth (1/8); To my son, Jef David Chaison, an undivided one-eighth (1/8)."

W. G. Chaison died in Jefferson county on the 4th day of August, 1938, and the will as copied herein was duly probated as his last will and testament, and the widow, Mrs. Ella Arnett Chaison, duly qualified as the sole executrix of the will and the estate.

We take from the brief filed by the trustees, the following statement of the nature and result of this suit, supplemented by the foregoing statement:

"This is an action by Ella Arnett Chaison, independent executrix of the estate of her deceased husband, Wm. G. Chaison, against Charles J. Chaison and others to recover certain personal property and for an accounting.

"It was alleged in her petition that Wm. G. Chaison at the time of his death owned 110 shares of the capital stock of the Jef Chaison Townsite Company, a corporation, and that defendants are in possession of same and refuse to surrender to her the possession and control of same. That they, without lawful right, vote same at corporate meetings to the exclusion of plaintiff. That said stock earns large dividends which are declared and defendants have taken and retained same without lawful right. That defendants do not claim to own said stock but claim the right of possession and to vote same and receive the dividends until January 24, 1943, under some character of power of attorney from Wm. G. Chaison, deceased, which confers no such powers and if same ever had any validity it became of no effect upon the death of Wm. G. Chaison, and his said stock and dividends passed by his will to plaintiff.

"The prayer is that she have full accounting and judgment for said stock and dividends, with costs, etc.

"Defendants urged by plea in abatement the non joinder of necessary parties, to-wit; the named children of Wm. G. Chaison, deceased, who were asserting as against all persons, claim of ownership in themselves of the properties in controversy, under written conveyance from their father to defendants as Trustees of date January 24, 1928. (The instrument is copied in full in the foregoing statement.) The plea of non joinder of necessary parties was overruled by the court and exception duly preserved.

"The plea in abatement was followed by general denial, special answer and plea for affirmative relief in which it is alleged that defendants hold 70 shares of stock in Jef Chaison Townsite Company, jointly as Trustees and to their credit as such Trustees of date April 13, 1939, the sum of $1,229.21, all of which are so held and to be disposed of under the provisions of the Trust Agreement above set out. That they have no interest of any character in said properties; that they are naked trustees thereof and same are, under the provisions of said Trust Agreement, now owned by the named children of Wm. G. Chaison, deceased. That there is, as shown by this suit, a disagreement and controversy as to

the ownership of said properties, between the plaintiff, the mother of the said children, and said children and in which controversy defendants are in no way interested except as bound by their trust contract, and agreement. They make full accounting of their Trusteeship, showing the properties and moneys in their hands, disclaim any interest therein otherwise than as Trustees, tender same into court and ask to be fully discharged. They show that certain demands are being asserted against said property and money, by the United States Government, as the property of Wm. G. Chaison, deceased, in the nature of inheritance and other taxes and also in favor of the State of Texas of like nature and on account of such the properties should be preserved and protected until such claims are satisfied. It is further alleged that the children of Wm. G. Chaison, deceased, should be charged with certain advances made them and that as to all of these matters the named children are necessary parties to this action.

"The prayer was as follows:

" 'In view of the premises, these defendants now here tender into court all of said properties and monies and asks to be fully protected against all claims thereto by the judgment of this court and that their accounting be approved and that they be fully discharged from further connection with or holding said properties and that said trust agreement be voided and set aside and for naught hereafter held and that the court take said properties into its custody and require the interested parties and each and all of same, as hereinbefore named, to be and appear before this court that their interests therein may be determined and their rights fixed and enforced by the court as against said properties and in relation thereto and their claims and demands against these defendants be fully set out and fixed, determined and established and that these defendants be fully acquitted of all responsibility and liabilities by reason of the matters and things hereinbefore set out and that they be discharged herein with their costs on final trial and that they be allowed as costs in this suit a reasonable attorney's fee for legal services in the handling and conduct of the matters hereinbefore set out, which said sum defendants allege to be the sum of One Thousand ($1,000.00) Dollars and that said properties be by the court turned over to the parties decreed by the court to be en-titled thereto upon such terms and in such sums and amount as to the court may on trial find correct and that the claims and demands of the Federal and State Government thereon be preserved and protected and as against these defendants be fully so preserved and protected as to relieve these defendants of all liability with reference thereto and of all of which these defendants put themselves upon the country.'

"Clara Chaison Carson, one of the named children of Wm. G. Chaison, deceased, and his surviving wife, plaintiff herein, with leave of court intervened and for cause of action alleged, (1) That on January 24, 1928, Wm. G. Chaison made the Trust Contract with defendants set out in defendants answer and that intervenor and the other named children of Wm. G. Chaison, deceased, are the sole beneficiaries thereunder and that the full equitable title to all said properties is vested in them. She further alleges that about January 1, 1933, the plaintiff and Wm. G. Chaison, deceased, executed a written contract exhibited, by those terms the Trust Contract set out in defendant's pleadings was fully ratified and that title should stand vested in said children as provided therein. Intervenor prayed that all other beneficiaries named in the trust agreement, being the children of Wm. G. Chaison, deceased, be made parties and cited to answer and on hearing that intervenor be given judgment for one-fourth of the properties and moneys in controversy and that plaintiff take nothing. Plaintiff moved to strike out this intervention on the ground that 'on the face of said intervention it appears that the intervenor has no interest in the subject matter of this suit.' This motion was overruled; the court holding 'that while intervenor is not a necessary party to the suit, she is not an improper party.'

"Plaintiffs accepted the statement of the account as made by defendants as in all things correct and thereupon the court ordered the properties placed in the registry of the court under defendants tender and in pursuance thereof, to which intervenor excepted.

"The subject matter of the suit being in the registry of the Court under the order of the court, plaintiff then filed what is termed a 'Motion for judgment on the record and on the pleadings' reading as follows:

" 'Comes now Mrs. Ella Arnett Chaison, executrix, plaintiff in the above entitled and numbered cause, after the court has ordered and adjudged that this plaintiff and the defendants are the only necessary parties to this cause; and after the defendants have, in their answer duly filed herein, disclaimed all title and interest in the corporate stock in controversy in this suit; and after the defendants have tendered a full accounting to the plaintiff in their answer, showing that the defendants, Chas. J. Chaison, Jef C. Russell and Brandon C. Bryan, have in their hands seventy (70) shares of the capital stock of Jef Chaison Townsite Company sued for by the plaintiff herein, and showing that they have in their hands the sum of $1,229.21 in cash that has come into their hands under the terms of an agreement set forth in "Exhibit A" made a part of the answer of the defendants; and after the defendants have come before the court and tendered all of said corporate stock so remaining in their hands, and the said sum of money, praying that their accounting be approved as set forth in their answer and that they be fully discharged and the agreement above referred to be voided and set aside and for naught hereafter held; and after the plaintiff has accepted the said tender and after this court has entered its order directing and requiring the defendants to deposit all of the said seventy (70) shares of stock and the said money with the Clerk of this court as per the order of the court which is a part of the record in this cause:

" 'And now shows to the court that there is no issue of fact as between the plaintiff and the defendants to be determined in this cause, so that the court, in the present state of the record, can enter judgment on the record and the pleadings in this cause, and the plaintiff now moves the court to so enter judgment against the defendants for the title and possession of the said seventy (70) shares of the corporate stock of the Jef Chaison Townsite Company, and for the sum of $1,229.21 in cash, and all other and further relief to which she may be entitled in the premises.'

"The court sustained this motion and entered judgment in the cause as follows:

" 'The said motion of the plaintiff is in all things granted, and it is here now Ordered, Adjudged and Decreed that the plaintiff, Mrs. Ella Arnett Chaison, as the executrix of the Will and Estate of Wm. G. Chaison, deceased, do have and recover of and from the defendants, Chas. J. Chaison, Brandon C. Bryan and Jef C. Russell, and each and all of them, the title and possession of the seventy (70) shares of the capital stock of the defendant Jef Chaison Townsite Company heretofore held by said defendants; and it is further Ordered, Adjudged and Decreed by the court that the plaintiff do have and recover of and from all of the defendants the sum of $1,229.21, which sum the defendants have admitted to be in their hands, and it is further Ordered, Adjudged and Decreed by the court that the plaintiff do have and recover of and from the defendants all other and further sums of money that have come into their hands or accrued as dividends on the said stock since April 13th, 1939, or that may hereafter accrue.

" 'It is further Ordered, Adjudged and Decreed by the court that the defendant Jef Chaison Townsite Company issue and deliver to the plaintiff, Mrs. Ella Arnett Chaison, executrix of the estate of Wm. G. Chaison, deceased, proper and sufficient stock certificate representing · the said seventy (70) shares of stock in said corporation hereinabove referred to; and in this connection it is Ordered, Adjudged and Decreed by the court that the said certificates of stock now in the hands of the Clerk of this court be turned over and delivered to the plaintiff herein, and that the same shall be by her surrendered to the defendant Jef Chaison Townsite Company upon delivery by it to the plaintiff of the said certificate of stock above referred to, and in exchange therefor:

" 'It is further Ordered, Adjudged and Decreed by the court that the compliance with and satisfaction of this judgment by the defendants shall operate as and be a complete and conclusive accounting in all respects as prayed for by the plaintiff in her petition, and a full discharge of all of the matters in controversy as set forth in the plaintiff's petition.

" 'And it further appearing to the court that under the pleadings of the intervenor, Clara Chaison Carson, wife of G. L. Carson, and the exhibits thereto attached and made a part thereof, that the said intervenor has no interest in the matters in controversy in this suit as between the plaintiff and the defendants, and that she would in no event be entitled to recover in this case as against either the plaintiff or the defendants; and it appearing to the court that said intervenor could have no interest

in the subject-matters involved in the suit between the plaintiff and the defendants; it is, therefore, further, Ordered, Adjudged and Decreed by the court that the said intervenor have and recover nothing by her said intervention.

" 'It is further Ordered, Adjudged and Decreed by the court that the defendants pay all costs of this suit except the costs accrued in connection with said intervention, and as to the same it is Ordered that the intervenor herein shall pay all such costs.

" 'It is further Ordered that the plaintiff may have her execution against the defendants as often and as many as may be necessary, and that the officers of this court may have their execution for their costs as herein adjudged. To which orders and judgment of the court defendants and intervenor in open court except and give notice of appeal to the Court of Civil Appeals of the Ninth Supreme Judicial District of Texas at Beaumont, Texas.' "

The trustees and intervenor have duly prosecuted their appeal from the judgment of the lower court on the controlling proposition that the children of Wm. G. Chaison named in the trust deed were necessary parties to this litigation. We sustain appellants' contention.

By the trust deed, the trustees agreed to perform certain duties and to hold the property committed to them on the conditions and for the uses and persons named in the deed. Having assumed these duties, they could not voluntarily abandon their trust, nor could they refuse to discharge their trust obligations. When appellee filed her suit against them they brought into court all the trust property, and tendered it to court, pleading a bona fide controversy as to its title and revenues between appellee and the children of Wm. G. Chaison, named in the trust deed. They prayed that the children be cited as adverse claimants to appear and to assert their claim and interest in the property, and that the claim of appellee under her husband's will and the claim of the children under the trust deed be fully adjudicated.

The trustees had no personal interest in the property, and by their pleadings so advised the court. But they did have duties and obligations under the trust deed, and these duties and obligations they plead in detail. On the facts alleged by appellee in her petition and by the trustees in their answer, the lower court was without power to enter judgment, on the tender by the trustees, discharging them from the obligations assumed by them under the trust deed—the obligations to the children, advanced by the children as an adverse claim to the trust property.

Having been summonsed into court by appellee to account for their stewardship, the trustees had the right to a final adjudication of all their obligations under the trust deed, both their obligations to appellee on the title asserted under her husband's will and the adverse claim by the children under the trust deed. On the good-faith controversy plead by the trustees between appellee and the children, they had the right to file their answer in the nature of an interpleader and to recover their costs, including reasonable attorneys fees as interpleaders. This judgment the court could not enter without having in court the children of Wm. G. Chaison named in the trust deed.

We do not make a construction of the trust deed for the simple reason that the necessary parties are not in court. Anything we might say as to the meaning of the trust deed, adjudicating the rights of the children of W. G. Chaison, would be pure obiter and without authority.

For the reasons stated, the judgment of the lower court is reversed and the cause remanded for a new trial, with instructions to the lower court that all adverse claimants under the trust deed, on the prayer of the trustees, be made parties to this litigation.

Reversed and remanded.

O'QUINN, J., recused, not sitting.