J. R. HUNNICUTT, Individually and as Administrator of the Estate of Helen Mar Hunnicutt, Appellant,

v.

Thomas Diaz MOORMAN, Appellee.

No. 10386.

Court of Civil Appeals of Texas.

Austin.

April 25, 1956.

Rehearing Denied May 16, 1956.

Ralph W. Yarborough, Robert E. Hall, E. Wayne Thode, Austin, for appellant.

R. C. Wilson, Cofer & Cofer, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order of the District Court entered in a proceeding styled "Petition for Certiorari to the County Court" instituted by appellee.

The purpose of the action was to have the District Court set aside an order of the County Court appointing appellant as administrator of the Estate of Helen Mar Hunnicutt, and to have the District Court appoint appellee as such administrator.

On March 16, 1954, J. R. Hunnicutt made application for and was appointed temporary administrator of the Estate of Helen Mar Hunnicutt, which appointment was subsequently made permanent, and he qualified as such by taking the oath and giving a bond and made application to and was granted authority to sell certain personal property, and was authorized to take other actions in the administration of the estate.

On April 8, 1955, J. R. Hunnicutt as administrator filed in the County Court a petition for determination and declaration of heirship of Helen Mar Hunnicutt. On April 20, 1955, R. C. Wilson, an attorney, entered his appearance in behalf of Thomas Diaz Moorman.

On May 13, 1955, Thomas Diaz Moorman filed the petition herein in the District Court of Travis County, Texas, seeking relief and to be appointed administrator.

Appellant filed a plea to the jurisdiction, plea in abatement and answered on the merits subject to the plea to the jurisdiction.

Evidence was offered on the plea to the jurisdiction and abatement; both pleas were overruled and trial was had on the merits and judgment was rendered in favor of appellee setting aside the order appointing Hunnicutt and appointing and substituting appellee as administrator in his stead. This judgment was ordered certified to the County Court for observance.

Some findings of fact and conclusions of law were made, and these were excepted to by appellant and presented to and requested of the court additional and amended findings of fact and conclusions of law, on which request no action was taken by the court.

The appeal is before this Court on fourteen points assigned as error. The first three points are:

"1. The District Judge erred in holding that the District Court had appellate jurisdiction of this action brought by Thomas Diaz Moorman, which was labeled a 'Petition for cer-

tiorari to the County Court of Travis County, Texas.'

"2. The District Judge erred in holding that the District Court had jurisdiction of this action by Thomas Diaz Moorman which was brought for the purpose of having J. R. Hunnicutt removed as administrator of the Helen Mar Hunnicutt Estate, and Thomas Diaz Moorman substituted therefor on the basis of an alleged prior right.

"3. The District Judge erred in appointing Thomas Diaz Moorman administrator of the Estate of Helen Mar Hunnicutt because he had no original authority to appoint an administrator."

The other eleven points are to the effect that the court erred in determining the adoptive status of Helen Mar Hunnicutt, in holding that she was not adopted by H. P. and Bertha Hunnicutt, and in failing to hold that she was adopted, in holding that J. R. Hunnicutt was not kin by adoption and not an heir of Helen Mar Hunnicutt, in holding that appellee had not waived his prior right to be appointed administrator, that the findings of fact are not binding on this Court, and finally in taxing the costs against appellant personally.

The prime issue for determination is that of jurisdiction of the District Court in probate matters.

Article 5, § 8 of the Constitution, Vernon's Ann.St. provides in part as follows:

"The District Court shall have appellate jurisdiction and general control in probate matters, over the County Court established in each county * * *."

■ The District Court exercises only appellate jurisdiction in probate matters and such jurisdiction may be invoked by appeal or by certiorari.

■ We believe that the trial court, acting on the pleading, attempted to dispose of a new matter not theretofore brought first in the county court, such being requisite before the District Court could have appellate jurisdiction over it, and consequently the District Court acquired no jurisdiction over the action.

It is our opinion that until appellee applies for appointment as administrator of Helen Mar Hunnicutt's Estate and/or seeks other relief in connection therewith and is refused by the County Court that the District Court would not have jurisdiction. It appears to us that, in view of the record as a whole, Thomas Diaz Moorman has the prior right to be appointed administrator of his sister's estate. This is of course subject to any legal reasons that might be presented, why he should not be so appointed.

Article 3357, Vernon's Ann.Civ.St., provides the order in which letters testamentary or of administration may be granted.

It is undisputed that Thomas Diaz Moorman and Helen Mar Hunnicutt are full brother and sister and as such are next of kin. There is a fact question as well as of law as to the sufficiency of any adoption of Helen Mar Hunnicutt by H. P. and Bertha Hunnicutt.

That there existed a necessity for administration of the Estate of Helen Mar Hunnicutt is admitted. The County Court appointed J. R. Hunnicutt as temporary administrator and subsequently permanent administrator.

There is no charge of neglect or malfeasance on the part of J. R. Hunnicutt.

The trial judge by his conclusion of law No. 4 concluded as follows:

"I conclude as a matter of law that the plaintiff is the next of kin of the deceased, Helen Mar Hunnicutt, and has a prior right over the defendant to be appointed administrator of the estate of the deceased, Helen Mar Hunnicutt; and that plaintiff has not waived such right; and that plaintiff should in this de novo proceedings reviewing the order of the probate court

in certiorari be appointed permanent administrator of the estate of his deceased sister, Helen Mar Hunnicutt, in lieu of the defendant, J. R. Hunnicutt, and that the judgment in this case should be certified to the Probate Court for observance as required by law."

The prayer in the petition is in part:

"* * * and that plaintiff have judgment of this court establishing his prior right to be appointed both temporary administrator and permanent administrator of the estate of his deceased sister, Helen Mar Hunnicutt, and that he be appointed permanent administrator of said estate of the deceased; and that the order of the court appointing the said defendant J. R. Hunnicutt, administrator, both temporary and permanent, be set aside, and that the order of this court appointing the plaintiff, Thomas Diaz Moorman, administrator be substituted therefor * * *."

Article 3360, V.A.C.S., provides:

"Where letters have been granted to one, and another whose right thereto is prior and who has not waived such right and who is not disqualified, makes application for letters, the letters previously granted shall be revoked and other letters shall be granted to the person thus entitled."

Article 3363, V.A.C.S., provides:

"Letters shall not be revoked and other letters granted under the provisions of either of the four preceding articles, unless application therefor has been filed and the executor or administrator has been cited to appear at a regular term of the court and show cause why such application should not be granted; but in such cases, when the letters are revoked, other letters may be granted without the posting of citation as in other cases."

These statutes are interpreted in the cases of Ballard v. Wheeler, 1900, 23 Tex. Civ.App. 422, 56 S.W. 946; Kinser v. Hudgins, Tex.Civ.App., 275 S.W.2d 847, no writ history.

There is no question but what appellee could bring a valid certiorari action in the District Court in a proper proceeding which would be appellate in nature. McDonald v. Edwards, 137 Tex. 423, 153 S.W. 2d 567.

In the instant proceeding appellee sought to secure relief in the District Court by presenting a new matter which had not been presented to the County Court, this he is not permitted to do. Richardson v. Lingo, Tex.Civ.App., 273 S.W.2d 119, er. ref., n. r. e.

In Huston v. Cole, 139 Tex. 150, 162 S.W.2d 404, 406, citing Leatherwood v. Stephens, Tex.Com.App., 24 S.W.2d 819, the Supreme Court held:

"The probate court being without jurisdiction to pass on the question raised by Mrs. Garner, the district court had none on appeal, its jurisdiction being limited to such as the probate court could properly have exercised. * * * It [the District Court] could adjudicate only such matters as were put in issue in the probate court."

The District Court did not have jurisdiction over the action brought by Thomas Diaz Moorman, since it presented new matter, and was not appellate in nature, consequently, it was error for the trial judge to appoint Thomas Diaz Moorman administrator of the Estate of Helen Mar Hunnicutt, because he had no original authority to appoint an administrator. Brewer v. Brewer, Tex.Civ.App., 237 S.W.2d 369, and cases cited therein.

Since we have held that the District Court did not have jurisdiction of the cause of action as presented, the judgment of the trial court is reversed and the cause remanded to the court with instructions to dismiss appellee's action for want of juris-

diction, without prejudice of the appellee to apply to the County Court for such orders and appointment as may seem proper.

Our action herein renders unnecessary a discussion of the remaining points of error assigned by appellant as to the adoptive status of Helen Mar Hunnicutt, etc.

The judgment of the trial court is reversed and the cause of action ordered dismissed, subject to the right of appellee to apply to the County Probate Court for such orders as may appear to be requisite under our statutes.

Reversed and remanded with instructions.