**Elexis WHITE, Appellant**

v.

**Audrey Nelda DAVENPORT, Appellee.**

**No. 09–11–00282–CV.**

Court of Appeals of Texas, Beaumont.

Submitted April 25, 2012.

Decided Sept. 13, 2012.

Opinion on Remand March 28, 2013.

Richard R. Burroughs, Jennifer L. Bergman, Cleveland, for appellant.

Steven A. Sinkin, Karen L. Marvel, Andrew Ross, Law Offices of Sinkin & Marvel, San Antonio, for appellee.

Kaye M. Alderman, Lufkin, for appellee in No. 09–11–00282–CV.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

DAVID GAULTNEY, Justice.

Roy White died as the result of injuries suffered in a car accident. His will was probated in the County Court at Law No. 2 of Montgomery County. That court appointed Roy's widow, Elexis White, the independent executor of his Estate.

Elexis appeals from a district court's judgment in an interpleader action. She contests a child support claim by Roy's ex-wife, Audrey Davenport, to insurance proceeds in the registry of the district court. The district court in effect allowed Audrey and her attorneys to represent Roy's Estate. After a settlement between other parties fell apart, the court decided disputed claims without re-setting the cause for trial or following summary judgment procedure. The record therefore does not support the district court's adjudication of the rival claims. We reverse the court's judgment and remand the case for further proceedings.

### THE INSURANCE COVERAGE, THE PARTIES, AND THE CLAIMS

The underinsured motorist coverage on the vehicle driven by Roy White was provided by Colony Insurance Company. Colony filed an interpleader petition in the 9th District Court of Montgomery County, and deposited $75,000 into the registry of the court. The other driver in the accident, Loyd McCord, was insured by Farmers Texas County Mutual Insurance Company. Farmers intervened with its own petition and deposited $25,000 into the registry of the court.

■ A claim by an insured to recover the proceeds of an underinsured motorist policy is a contract claim. *Franco v. Allstate Ins. Co.,* 505 S.W.2d 789, 790, 793 (Tex.1974); *see also In re Koehn,* 86 S.W.3d 363, 368 (Tex.App.-Texarkana 2002, orig. proceeding) (The insured need not sue the other motorist directly.). A personal injury claim may be one type of insured loss under an underinsured motorist policy, but there may be others, including a property damage claim by the insured owner of the vehicle. *See* Tex. Ins. Code Ann. § 1952.106 (West 2009).

■ Third-party claimants generally do not have a direct claim against the liability insurer of the other driver. *See Angus Chem. Co. v. IMC Fertilizer, Inc.,* 939 S.W.2d 138, 138 (Tex.1997). The tender by Farmers in this case was based on claims against its insured. Liability claims against the driver may include claims for wrongful death, personal injury, and property damage. *See, e.g., Tanner v. Nationwide Mut. Fire Ins. Co.,* 289 S.W.3d 828, 829 (Tex.2009) (personal injury); *Sanchez*

*v. Schindler,* 651 S.W.2d 249, 250 (Tex. 1983) (wrongful death); *Greene v. Anders,* 473 S.W.2d 622, 623–24, 626–27 (Tex.Civ. App.-Waco 1971, writ ref'd n.r.e.) (property damage).

Loyd McCord was not named as a party to the suit. Elexis White has not been named as a party to the case in her capacity as the independent executor of the Estate of Roy White. In her answer to the interpleader, Elexis in her individual capacity asserted her entitlement to the funds to the exclusion of Roy White's five adult children. Audrey Davenport, the ex-wife of Roy White, filed an intervention contending that Roy's Estate was subject to a child support obligation that remained unpaid. On appeal, Elexis asserts that "there was no mention of the Estate of Roy White in any pleadings filed by any party and no affirmative pleadings were filed by the Estate of Roy White by the independent executrix or anyone with authority to do so."

This dispute concerns in part the nature of the insurance coverage, and who may pursue claims against the insurance proceeds. The insurance policies are not in the record for review. Elexis argues, in effect, that any claim on behalf of the Estate to the Colony proceeds or the Farmers proceeds can only be brought by the authorized representative of the Estate, and also that the liability coverage for a wrongful death claim against McCord under the Farmers policy does not benefit Roy's Estate. She contends the claims she and the other statutory beneficiaries assert are only under the wrongful death statute.

█ Under the Texas wrongful death act, the statutory beneficiaries are the decedent's surviving spouse, children, and parents. *See* Tex. Civ. Prac. & Rem.Code

Ann. § 71.004(a) (West 2008). The damages recoverable are those suffered by the wrongful death beneficiaries, not the decedent. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 71.004(a), 71.010 (West 2008); *see also THI of Tex. at Lubbock I, LLC v. Perea,* 329 S.W.3d 548, 566–69 (Tex.App.-Amarillo 2010, pet. denied).

█ Under the Texas survival statute, a decedent's cause of action for personal injuries suffered before death survives death, provided that the personal injury action was not barred by limitations at the time of death; the statute does not create a new cause of action. *See* Tex. Civ. Prac. & Rem.Code Ann. § 71.021 (West 2008); *Russell v. Ingersoll–Rand Co.,* 841 S.W.2d 343, 345–46 (Tex.1992); *THI,* 329 S.W.3d at 568. The representative of the estate or an heir is permitted to pursue the decedent's personal injury claim. *See* Tex. Civ. Prac. & Rem.Code Ann. § 71.021. Survival action damages may be subject to the decedent's debts, unlike damages awarded a statutory beneficiary in a wrongful death action. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 71.011, 71.021 (West 2008); *Harris Cty. v. White,* 823 S.W.2d 385, 388 (Tex.App.-Texarkana 1992, no writ); *see also generally Elliott v. Hollingshead,* 327 S.W.3d 824, 833 (Tex.App.-Eastland 2010, no pet.) (damages recoverable).

THE PROCEEDINGS

At the first of three hearings, after the insurers had been dismissed from the case, Elexis's attorney announced that Elexis had reached an agreement with Ron White's five adult children concerning the distribution of the interpleaded funds. Audrey disagreed with the settlement. The trial judge granted Elexis's motion to strike Audrey's intervention.[1] The court

---

1. The trial court's final order recites that the

intervention was transferred to Angelina

instructed Elexis's attorney to draw up the agreement, and to obtain a date for an entry-of-judgment hearing. Roy White's two sons subsequently filed documents withdrawing their consent.

Two days after the hearing, Audrey filed a notice of an application for judicial writ of withholding against Roy's Estate in the district court in Angelina County where the divorce was granted. *See White v. White,* No. 12–11–00107–CV, 2012 WL 1744977, at *1 (Tex.App.-Tyler May 16, 2012, no pet.). Audrey sought payment of overdue child support. *Id.* She also filed a notice of a child support lien with the Montgomery County District Clerk. *See* Tex. Fam.Code Ann. § 157.314 (West 2008), § 157.317 (West Supp.2012).

The district court in Montgomery County held a second hearing in the interpleader action. Audrey's attorney informed the trial court that Audrey had "filed a child support lien in this matter[,]" and had requested a "determination of the child support arrearages" in Angelina County "where the divorce was granted." Audrey's attorney stated Audrey was not objecting to the attorney fees of Elexis's attorney, and that she was not pursuing a claim against the $25,000 Farmers policy proceeds. Audrey's claim focused on the $75,000 Colony policy proceeds. The trial court took the matter under advisement.

A few months later, the court in Angelina County granted an "Order on Arrears" for child support in the amount of $131,414.48 and signed an order for turnover relief. Elexis appealed from those orders. The Tyler Court of Appeals dismissed Elexis's appeal for want of jurisdiction, because she did not perfect the appeal in her representative capacity as independent executor of Roy's Estate. *See White,* 2012 WL 1744977 at *3.

County district court. The record does not

One day after the granting of the order of arrears and the turnover order, Audrey's attorneys and Audrey sought to intervene in the interpleader action as Roy's Estate: "The Estate," "by and through Sinkin & Marvel [Audrey's attorneys]." Attached as exhibits to the intervention petition were the order on arrears and the order for turnover relief. The intervenors alleged that McCord's negligence caused Roy's injuries and death, and further stated that Audrey "has a previous statutory child support lien on all non-exempt property of [the] Estate of Roy A. White."

After a third hearing, the district judge in this case signed a final order referencing the order on arrears and the turnover order. The court ordered that $87,500, plus accrued interest, be paid to the Estate out of the funds in the registry of the court, that the Estate pay the hospital lien and funeral expenses out of the Farmers policy proceeds, and that the five adult children be paid $2,500 each. The check for $87,500 plus accrued interest was ordered to be issued by the district clerk to "Sinkin and Marvel Trust Account."

Elexis received nothing under the final order. Elexis contends that the trial court erred in the apportionment of the insurance proceeds, and that "neither cause of action ..., either pursuant to § 71.004(a) [wrongful death action] or § 71.021 [survival action] ..., allows or provides for the recovery scheme and award of damages granted by the trial court." *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 71.004(a), 71.021 (West 2008).

## INTERPLEADER

 Rule 43 is a joinder-of-parties rule. *See Clayton v. Mony Life Ins. Co. of Am.,* 284 S.W.3d 398, 401 (Tex.App.-Beaumont 2009, no pet.); *see also* Tex.R. Civ. P.

support this statement.

43. Presented with conflicting claims to money it holds, a stakeholder may apply to a court for protection, because the stakeholder does not know which claimant to pay and fears exposure to multiple liabilities for the single stake. *See Clayton*, 284 S.W.3d at 401; *see generally Great Am. Reserve Ins. Co. v. Sanders*, 525 S.W.2d 956, 957–58 (Tex.1975) (life insurance proceeds claimed by widow and former wife). By placing the money in the court's control for the court to decide ownership in a proper interpleader, the stakeholder is relieved from potential liability to pay the single fund more than once, and also from the litigation costs attending the rival claims. *Clayton*, 284 S.W.3d at 401.

 To obtain a complete discharge, a party presented with multiple complaints joins the rival claimants in the lawsuit. *See id.* at 402; *see also Great S. Life Ins. Co. v. Kinney*, 276 S.W. 741, 743 (Tex.Civ.App.-Waco 1925, no writ) (necessary parties.). A party who claims an interest in the funds may intervene in the proceeding, and joinder of a particular party may be necessary to a full adjudication of the case. *See Chaison v. Chaison*, 136 S.W.2d 239, 244 (Tex.Civ.App.-Beaumont 1940, writ ref'd). The trial judge dismissed Farmers from the suit without prejudice and dismissed Colony with prejudice. No other discharge order and no severance order are in the appellate record.

### The Child Support Claim

The parties have not challenged the appropriateness of the interpleader by either insurer, or the appropriateness of the dismissal orders. *See Clayton*, 284 S.W.3d at 402 ("In the first stage, the court determines whether interpleader is appropriate."); *Law Office of Henry Gates Steen, Jr., P.C. v. Eagle Pass Indep. Sch. Dist.*, 293 S.W.3d 792, 793–94 (Tex.App.-San An-

tonio 2009, no pet.) (Generally, order granting the interpleader is an interlocutory order.). This appeal involves the second stage of the interpleader action. *See Clayton*, 284 S.W.3d at 402. Adverse claims to the funds are resolved in the second stage. *See Northshore Bank v. Commercial Credit Corp.*, 668 S.W.2d 787, 789 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.).

Audrey's claim is based on unpaid child support. The "Order on [Child Support] Arrears" recites that Elexis, the independent executor of the Estate, was served with notice of the application for judicial writ of withholding and did not respond with a "verified Motion to Stay" within ten days. The "Order of Arrears" granted Audrey a judgment for child support arrearages against the Estate. The Angelina County district court also entered an "Order for Turnover Relief," which recites in part as follows:

It is ordered, adjudged and decreed that Steven A. Sinkin [one of Audrey's attorneys] or some other person designated by the Court as receiver with the authority to take possession of non-exempt property of Estate of Roy A. White by and through Independent Executrix Elexis White, sell it, and pay the proceeds to Audrey Davenport to the extent required to satisfy the judgment.

It is ordered Judgment Debtor Estate of Roy A. White by and through the Independent Executrix Elexis White to immediately turn over to Sinkin & Marvel, on behalf of Audrey Davenport, any claim of any kind, or nature, as he may have including but not limited to all personal injury claims arising out of the accident that occurred on June[ ] 12, 2008, against Loyd Mc[C]ord, Colony Insurance, and Farmers Insurance, including any and all rights to represent, present, prosecute, compromise, settle,

execute releases, hire legal counsel, and/or litigate any and all such claims as might be prosecuted including all claims of any kind or nature including but not limited to all personal injury claims, and all claims for losses, breaches of contract, damages, medical expenses, physical pain, physical impairment, mental anguish, and any other elements of damages that may be prosecuted in any proceeding and in the current proceeding in Cause No. 08–10–09958, presently pending in the 9th Judicial District Court of Montgomery County, Texas.

Audrey and her attorneys' intervention petition in the interpleader action recites that "Sinkin & Marvel and Audrey Nelda Davenport have a right to bring this claim on behalf of Intervenor [Estate of Roy A. White] by virtue of a Turnover Order issued ... in the Judicial District Court of Angelina County, Texas." In the request for attorney fees, the petition states that it was necessary for Intervenor to secure the services of Steven A. Sinkin and Karen L. Marvel "to represent Intervenor's interests in this case."

### THE ISSUES

 Elexis argues that the trial court should have rendered judgment on the agreement of the parties. We note that two of the parties withdrew their consent to the purported agreement before judgment. The court did not err in refusing to render judgment on the prior agreement. *See Padilla v. LaFrance,* 907 S.W.2d 454, 461–62 (Tex.1995) (Agreed judgment may not be rendered after a party revokes its consent to the settlement agreement.).

The Estate representation issue is the underlying difficulty in this case. *See generally Austin Nursing Ctr., Inc. v. Lovato,* 171 S.W.3d 845, 850–51 (Tex.2005) (capacity). The Sinkin and Marvel law firm and Audrey sought to represent the Estate for

the purpose of recovering the debt owed Audrey, and Elexis did not intervene in her capacity as representative of the Estate. Although the court's order purported to award funds to the Estate, the Estate's award was ordered paid to Audrey's attorneys' trust fund.

The County Court at Law No. 2 in Montgomery County probated Roy's will and appointed Elexis as independent executor of the Estate. Nothing in the record suggests that Elexis has been removed as independent executor by the court with probate jurisdiction to determine the matter. *See* Tex. Prob.Code Ann. § 149C (West Supp.2012); *Kappus v. Kappus,* 284 S.W.3d 831, 835 (Tex.2009) (removal of executor); *see also* Tex. Prob.Code Ann. §§ 4A(a), 4C, 4E (West Supp.2012). The court with probate jurisdiction has not appointed the Sinkin and Marvel law firm or Audrey to serve as representative of the Estate. *See* Prob.Code Ann. § 4C(b) (West Supp.2012). By its own terms, the turnover order applies to "non-exempt" property of the Estate; the order is subject to the priority payment provisions of the Probate Code. *See* Tex. Civ. Prac. & Rem.Code Ann. § 31.002 (West 2008); Tex. Prob.Code Ann. § 320 (West 2003); *Butler v. Hill,* No. 09–09–00191–CV, 2009 WL 4841022, at *2 (Tex.App.-Beaumont Dec. 17, 2009, no pet.).

 "[T]he objective of Rule 43 is to obtain a just adjudication of the litigants' rights[.]" *Clayton,* 284 S.W.3d at 402. The Rule supplements and does not " 'in any way limit' " the other joinder-of-parties rules. *Id.* at 404 (quoting Tex.R. Civ. P. 43 and citing Tex.R. Civ. P. 40). Rule 39 also addresses joinder of parties needed for just adjudication. Tex.R. Civ. P. 39(a). The Rule provides the trial court with authority to compel joinder. *Id.* The fact that Elexis did not intervene in her capacity as independent executor is not a

sufficient basis for the trial court to treat Sinkin and Marvel or Audrey as the Estate's representative. A deceased's estate is not a legal entity, and does not "intervene" on its own in an action. *See Henson v. Estate of Crow*, 734 S.W.2d 648, 649 (Tex.1987). Elexis should have been named and joined in the interpleader action in her capacity as the independent executor of the Estate. *See id.; In re Fairfield Fin. Group, Inc.*, 29 S.W.3d 911, 914–15 (Tex.App.-Beaumont 2000, orig. proceeding); *The Estate of C.M. v. S.G.*, 937 S.W.2d 8, 10 (Tex.App.-Houston [14th Dist.] 1996, no writ) ("[T]he record does not indicate that he participated in the suit in this capacity.").

■■■■■ The interpleader action involves contract claims to the underinsured policy funds and liability claims to the liability policy funds. When rival claimants are properly before the court, voluntarily or involuntarily, a trial of the conflicting claims to interpleader funds may occur. *Clayton*, 284 S.W.3d at 402. In distributing the funds that are in the registry of the court, the interpleader court should avoid exercising authority that belongs to an independent executor under the Probate Code, or exercising the probate jurisdiction of the county court at law. *See Armes v. Thompson*, 222 S.W.3d 79, 83 (Tex.App.-Eastland 2006, no pet.) ("While title vests in the heirs or devisees, this is subject to the decedent's debts; and the personal representative retains legal title, possession, and control for the purpose of administering the estate.") (citing Stanley M. Johanson, Johanson's Texas Probate Code Ann. § 37 (2005 ed.) (commentary on Section 37)). The county court at law with probate jurisdiction has authority to compel an accounting and distribution in an independent administration, and may remove an independent executor for cause. *See* Tex. Prob.Code Ann. §§ 149B, 149C

(West Supp.2012). No court here has ordered a receiver to take over management and control of the entire probate estate. *Compare In re Estate of Trevino*, 195 S.W.3d 223, 229 (Tex.App.-San Antonio 2006, no pet.) (en banc) (op. on rehearing) ("[A] probate court's order appointing a receiver does not impermissibly interfere with the independent administration of an estate.").

■■■ We conclude the trial court erred in relying on the turnover order to distribute the funds in the registry of the court to the Sinkin and Marvel trust account. We do not believe the Angelina County district court intended its order to defeat the Probate Code. As we apply the term in the turnover order, whether the funds are "non-exempt" depends in part on the priority of payments under the Probate Code. *See Butler*, 2009 WL 4841022, at *3 (noting property subject to turnover order not shown to be exempt considering Probate Code's priority of payment provisions). Regardless, we do not give effect to a turnover order to replace the independent executor that conflicts with the Probate Code provisions and the probate jurisdiction of the county court at law. *See generally Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990) (effect of lack of subject matter jurisdiction); *see, e.g., Hunnicutt v. Moorman*, 290 S.W.2d 278, 280–82 (Tex.Civ.App.-Austin 1956, writ ref'd n.r.e.) (appointment power); *Brewer v. Brewer*, 237 S.W.2d 369, 372–73 (Tex.Civ.App.-Dallas 1951, no writ) (appointment power).

Elexis also argues that the trial court proceeded to judgment and denied her any relief "without holding an actual evidentiary hearing, without admitting into evidence necessary documents, and without allowing the arguments of Elexis White to fully be explored and expressed[.]" Initially, the trial court had set the case for trial. The parties announced a settlement at trial,

though the settlement fell apart. The court held a second hearing for entry of judgment, but then took the matter under advisement. In the third hearing, the trial judge heard the arguments of counsel and stated "I will make my decision[.] If I need to, I'll reform the judgment." The parties offered exhibits, and the court requested briefing. A final order was then signed.

 If there are no controverted material facts necessary to determine an issue, a trial court ordinarily may summarily decide the issue. *Razo v. Vargas*, 355 S.W.3d 866, 871–72 (Tex.App.-Houston [1st Dist.] 2011, no pet.) (citing *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 (Tex.1992)) (orig. proceeding). If contested issues exist, after notice and an opportunity to be heard, disputed material facts are determined at trial. *See id.* When the settlement fell apart, the trial court proceeded to apportion the funds, without re-setting the rival claims for trial or following summary judgment procedure. The rival claims, which involve disputed material issues of fact (including the damages recoverable under each rival claim), were never properly adjudicated. The record does not support the trial court's distribution of the insurance proceeds in the manner that it did.

## Conclusion

The trial court erred in allowing a party other than Elexis to represent the Estate, and erred in adjudicating the rival claims to the interpleader funds without a trial or summary judgment proceeding. We reverse the judgment of the trial court. We need not address appellant's remaining arguments, as they would afford no greater relief. The case is remanded to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

## OPINION ON REMAND

DAVID GAULTNEY, Justice.

This Court reversed the trial court's judgment and remanded the case to the trial court. The parties before the Court then settled the issues between them and filed a joint motion for reconsideration. This Court denied reconsideration in this interpleader action. The parties filed a joint petition for review with the Texas Supreme Court. The Supreme Court vacated our judgment without consideration of the merits and remanded the case to this Court. The Supreme Court ordered this Court to render judgment pursuant to the parties' settlement agreement. *See* Tex.R.App. P. 56.3.

In this Court and the Supreme Court, the parties to this appeal have filed documents stating their settlement agreement provides that the trial court's judgment not be reversed and that the trial court's judgment be allowed to become final. The parties also state they are not requesting, and their settlement agreement does not provide, that our September 13, 2012 Opinion, explaining the reasons for reversal of the trial court's judgment, be withdrawn. The parties' "Addendum to Mediated Settlement Agreement" provides that they "do not wish to have the appellate decision reconsidered[.]" The "Addendum" provides in part: "It is the intent of the parties that the judgment of the trial court in Montgomery County should not be set aside and that the trial court's judgment should become final, and that the rules of law announced in the appellate opinion should be published."

In response to the petition for review, the Supreme Court has vacated this Court's judgment and has ordered this Court to render judgment on appeal in accordance with the parties' agreement.

As required by the Supreme Court of Texas, this Court renders judgment "pursuant to the parties' settlement agreement." Our Opinion of September 13, 2012, is not withdrawn, but this Opinion on Remand is added to the Opinion to explain this Court's judgment of dismissal issued on this date. The appeal is dismissed. *See* Tex.R.App. P. 56.3.

APPEAL DISMISSED.