**H. Glenn GUNTER, Appellant,**

v.

**EMPIRE PIPELINE CORPORATION, Empire Exploration, L.P., and Empire Exploration Corporation, Appellees.**

**No. 05–08–00824–CV.**

Court of Appeals of Texas, Dallas.

July 24, 2009.

---

3.  We need not consider the issues Greer raises as to Jurors 21, 22, and 27.

Emil Lippe, Jr., Law Offices of Lippe & Associates, Dallas, TX, for Appellant.

Robert L. Harris, J. Stephen Gibson, Shannon, Gracey, Ratliff & Miller, L.L.P., Dallas, TX, for Appellee.

Before Justices FITZGERALD, LANG, and SMITH.[1]

## OPINION

Opinion By Justice FITZGERALD.

Appellant H. Glenn Gunter sued appellees Empire Pipeline Corporation, Empire Exploration, L.P., and Empire Exploration Corporation (collectively "Empire"). The parties signed a mediated settlement agreement, but Gunter later filed a motion to invalidate the settlement. Instead, the trial court signed an order enforcing the settlement and dismissing the lawsuit. We conclude that the trial court erred by enforcing the settlement in the absence of proper pleadings, proceedings, and proof. We accordingly reverse and remand for further proceedings.

## I. BACKGROUND AND ISSUES ON APPEAL

Gunter sued Empire, alleging breach of contract and other theories of recovery. The parties went to mediation after the case had been pending for almost two years, and they signed a document entitled "settlement agreement." About two months later, Gunter filed a motion to "vacate" the settlement agreement, contending that the agreement was invalid and unenforceable on grounds such as du-

ress and fraud. A few days before the hearing, Gunter filed an amended motion to vacate the settlement agreement. Empire filed a response to the motion to vacate. Although Empire did not style this response as a cross-motion, it included in its prayer a request that the court "enter judgment enforcing the Settlement Agreement and Dismissal with Prejudice of all Plaintiff's Claims."

The trial court held a nonevidentiary hearing at which the parties presented argument as to the proper procedure to be followed when a party seeks to avoid a settlement agreement. Gunter argued that Empire could not obtain judicial enforcement of the settlement agreement without pleading and proving its right to enforcement through the usual channels—trial or summary judgment. Empire argued that the court could enforce the agreement in a summary fashion if it concluded that the agreement was not ambiguous on its face. The court took the matter under advisement and later signed an order that both enforced the settlement agreement (by ordering Empire Pipeline Corporation to pay the consideration recited in the agreement) and dismissed Gunter's claims with prejudice. Gunter filed a motion for new trial, which the trial court heard and denied.

Gunter presents five issues on appeal. In his first issue, he argues that the trial court erred by enforcing the settlement agreement without proper pleadings by Empire and without proper proof adduced through a trial or motion for summary judgment. In his other issues, he argues the merits of his position that the settlement agreement is unenforceable for various reasons.

1. The Honorable Bea Ann Smith, Justice, Court of Appeals, Third District of Texas at Austin, Retired, sitting by assignment.

## II. ANALYSIS

The law in this area is well-settled. The trial court cannot render an agreed judgment after a party has withdrawn its consent to a settlement agreement. *Padilla v. LaFrance*, 907 S.W.2d 454, 461–62 (Tex.1995); *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex.1983); *Crump v. Crump*, No. 05-04-01515-CV, 2005 WL 2841146, at *1 (Tex. App.-Dallas Oct. 31, 2005, no pet.) (mem. op.). After consent has been withdrawn, a court may enforce a settlement agreement "only as a written contract." *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex.1996) (per curiam). The law does not recognize the existence of any special summary proceeding for the enforcement of a written settlement agreement, even one negotiated and executed in the context of a mediation. *Cadle Co. v. Castle*, 913 S.W.2d 627, 631 (Tex.App.-Dallas 1995, writ denied) (en banc). Thus, "[a]n action to enforce a settlement agreement, where consent is withdrawn, must be based on proper pleading and proof." *Padilla*, 907 S.W.2d at 462. Proper notice and hearing are also required. *See id.* at 461. In short, if consent is withdrawn, "the only method available for enforcing a settlement agreement is through summary judgment or trial." *Staley v. Herblin*, 188 S.W.3d 334, 336 (Tex.App.-Dallas 2006, pet. denied).

Empire had no pleadings to support rendition of judgment on the settlement agreement. It included a prayer for enforcement of the agreement in its response to Gunter's motion to vacate, but that is not a sufficient pleading for these purposes. *See Crump*, 2005 WL 2841146, at *1 ("Application for Approval of Agreement to Settle Estates" not a sufficient pleading); *Cadle Co.*, 913 S.W.2d at 631–32 ("Motion to Enforce Settlement Agreement" not a sufficient pleading); *see also*

*Rupert v. McCurdy*, 141 S.W.3d 334, 339 (Tex.App.-Dallas 2004, no pet.) ("Pleadings are composed of petitions and answers."). Moreover, the summary procedure employed by the trial court deprived Gunter of the right to be confronted by appropriate pleadings, assert defenses, conduct discovery, and submit factual disputes to a fact finder. *Staley*, 188 S.W.3d at 337; *Crump*, 2005 WL 2841146, at *1. *Cf. In re B.L.A.*, No. 05-07-00933-CV, 2008 WL 2313658, at *1 (Tex.App.-Dallas June 6, 2008, no pet.) (mem. op.) ("If parties do not adhere to summary judgment practice in cases such as this, the likely result will be uncertainty for the parties and trial courts and disparity in trial courts' consideration and treatment of individual cases."). We agree with Gunter that the trial court erred by rendering a judgment that essentially ordered specific performance of the settlement agreement without proper pleadings, proceedings, and proof.

Empire argues that *Cadle, Crump,* and other cases cited by Gunter are distinguishable. According to Empire, the settlements in those cases were subject to unfulfilled conditions precedent, so the parties could withdraw their consent before the agreements were consummated. Empire further argues that Gunter could not withdraw his consent to the settlement agreement because he "consummated [that agreement] unconditionally." We disagree with Empire's interpretation of the cases, and we conclude that *Cadle* and *Crump* are controlling. In both cases, one party contended that a settlement was an enforceable agreement, the other party notified the court that it no longer consented to the settlement, and we held that the trial court could not summarily enforce the agreement without proper pleadings, proceedings, and proof. *Crump*, 2005 WL 2841146, at *1; *Cadle*, 913 S.W.2d at 630–32. That is precisely the situation pre-

sented in this case. Just as in *Cadle* and *Crump*, we must reverse.

■ Empire contends that the execution of the settlement agreement destroyed the trial court's subject-matter jurisdiction by eliminating the "case or controversy" between it and Gunter. We disagree. Empire cites no authority to support the proposition that a contested settlement agreement can moot a lawsuit and destroy subject-matter jurisdiction under circumstances like those presented in this case. We conclude that the record in this case discloses no defect in the trial court's subject-matter jurisdiction.

■ Empire argues that a ruling in Gunter's favor would effectively grant him rescission of the agreement even though he did not plead sufficient grounds for such relief. We express no opinion as to the legal merit of any of Gunter's grounds for invalidating the settlement agreement, and we are not rendering judgment of rescission in his favor. The validity of the settlement agreement has yet to be properly tested, because neither side amended its pleadings to reckon with the settlement agreement and no trial or equivalent proceeding has been held. Gunter's filing of the motion to vacate meant only that a consent judgment could not be rendered and that the validity of the agreement had to be litigated according to the usual procedures. *See Staley*, 188 S.W.3d at 336 ("Where fact issues are raised or consent has been withdrawn, the only method available for enforcing a settlement agreement is through summary judgment or trial."). As further discussed below, the merits of Gunter's grounds for invalidating the settlement agreement are not properly before us.

■ Finally, Empire argues that Gunter waived error by failing to make an offer of proof of the evidence he would have introduced if the trial court had conducted an evidentiary hearing. *See* Tex.R. Evid. 103(a)(2). We disagree. The error asserted by Gunter is not merely the erroneous exclusion of evidence. Gunter complains of the entire procedure employed by the trial court—the rendition of judgment enforcing the settlement agreement without supporting pleadings, evidence, or an appropriate proceeding such as a trial or summary judgment. Gunter made this complaint clear at the hearing on his motion to vacate. The trial court implicitly rejected Gunter's argument by rendering the judgment enforcing the settlement agreement. Gunter adequately preserved error. *See generally* Tex.R.App. P. 33.1.

We sustain Gunter's first issue on appeal. In his remaining issues, Gunter contends that the trial court erred by enforcing the settlement agreement for a variety of substantive reasons. Moreover, Gunter prays for us to reverse the judgment and to render judgment vacating the settlement agreement, arguing in essence that he conclusively established his defenses to the enforceability of the agreement. We need not address Gunter's other issues. Gunter did not amend his pleadings in the trial court to attack the validity of the settlement agreement, nor were his defenses to the agreement's enforceability properly adjudicated by summary judgment or trial. His merits arguments and his request for rendition of judgment are therefore premature. *See Pollard v. Merkel*, No. 05–96–00795–CV, 1999 WL 72209, at *3 n. 5 (Tex.App.-Dallas Feb. 12, 1999, no pet.) (not designated for publication) (refusing to address legal-sufficiency points on similar facts because no "trial" had been held).

### III. DISPOSITION

For the foregoing reasons, we reverse the trial court's judgment and remand this

case for further proceedings consistent with this opinion.