

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-356-CV

CINDY PENA APPELLANT

V.

MICHAEL A. SMITH APPELLEE

------------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY

------------

# OPINION

------------

## I. INTRODUCTION

In three issues, Appellant Cindy Pena appeals the trial court's orders summarily enforcing a disputed mediated settlement agreement between her and Appellee Michael A. Smith. We will reverse and remand.

## II. BACKGROUND

On or about August 14, 2008, Smith and Pena entered into an "Unimproved Property Contract" in which Pena agreed to sell to Smith a three-

acre tract of land near Boyd. According to Smith, he signed closing documents and delivered checks to the title company for earnest money and for the balance due under the property contract, but Pena refused to sign the deed and the closing documents because the deed did not contain a reservation of mineral rights in her favor.[1]

Smith sued Pena for breach of the property contract. The trial court ordered Smith and Pena to attend mediation, where they executed an "Agreed Mediated Settlement Agreement." Pursuant to the settlement agreement, Smith and Pena agreed, among other things, that Smith "will get the surface rights to land and all other rights, if any" and that Pena "will be allowed to retain her mineral interests in the property" and "will & must execute all closing documents w/ Western Title Company on or before June, 1, 2009." Pena also agreed to "appoint[] Hunter Magee [Pena's attorney] limited power of attorney to execute all documents necessary to close the sale of the property as of June 2, 2009, if for any reason [Pena] cannot or will not execute some or all documents needed to close the sale of the property."

---

[1] In an affidavit attached to her response to Smith's motion for summary judgment, Pena stated,

> A woman at the title company gave me the contract for the sale of the three acre tract and after I signed it, the same woman then gave me a separate document which indicated that I was also selling to Mr. Smith the mineral rights/interests in the three acre tract. This was the first time I had ever seen this document concerning the sale of my mineral rights/interests and I refused to sign it and told the title company woman that it was never my intention to sell the mineral rights/interest to Mr. Smith and that I would not do so.

In June 2009, Smith filed a "Motion to Sign Final Order." He contended therein that he and Pena had attended mediation, which resulted in the settlement agreement, but that Pena had not executed any documents necessary to facilitate the sale and closing of the three-acre tract of land and, indeed, had taken efforts to revoke Magee's limited power of attorney to execute the necessary documents. Smith prayed that the trial court enter the proposed final order that he attached to the motion.

After Smith filed his motion asking the trial court to sign a final order enforcing the settlement agreement, Pena filed a "Defendant's Motion to Abate and/or to Set Aside Settlement Agreement," requesting, among other things, that the trial court set aside the settlement agreement. One day later, Smith filed a "Supplemental Motion to Sign Final Order and Motion for Enforcement." Smith argued that "[p]ursuant to CPRC 154.071 a written settlement agreement is enforceable and the court may incorporate the terms of the agreement in the court's final decree disposing of the case." Smith also described Pena's actions in attempting to set aside the settlement agreement as a "unilateral revocation" and prayed that the trial court sign the proposed order previously provided to it.

After a hearing, the trial court signed a final order that adopted the settlement agreement "as the Order of [the] Court" and ordered Magee "to immediately execute any and all documents in the name of Cindy Pena as her

3

agent to facilitate the close of the sale of the property that remain un-executed."[2] Thereafter, Pena timely filed a motion for new trial, which was overruled by operation of law, and the trial court modified its final order, incorporating the mediated settlement agreement into the order and ordering that Pena and Brandy Tanner Watson, Pena's daughter, be divested of any and all ownership in the three-acre tract and that all right, title, and interest in the tract be held in fee simple by Smith. Pena filed her notice of this appeal.

### III. MOTION TO DISMISS

Smith filed a motion to dismiss Pena's appeal, arguing that Pena filed her notice of appeal untimely because she lacked capacity to file her motion for new trial. Smith failed to file a verified pleading in the trial court challenging Pena's capacity. Accordingly, we deny Smith's motion to dismiss Pena's appeal. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005) ("Unlike standing, . . . which may be raised at any time, a challenge to a party's capacity must be raised by a verified pleading in the trial court."); *Rodarte v. Investeco Group, L.L.C.*, 299 S.W.3d 400, 407 n.3 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (reasoning that objections concerning capacity may be waived); *see also* Tex. R. Civ. P. 93.

### IV. PLEADINGS AND PROOF

In her first and third issues, Pena argues that the trial court erred by rendering a judgment that summarily enforced the disputed settlement

---

[2]No findings of fact and conclusions of law were filed.

agreement. She contends that the judgment is supported by neither proper pleadings nor legally sufficient evidence that she breached the settlement agreement.

A trial court cannot render an agreed judgment after a party has withdrawn its consent to a settlement agreement. *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995); *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d. 442, 444 (Tex. 1983). After consent has been withdrawn, a court may enforce a settlement agreement "only as a written contract." *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996); *see* Tex. Civ. Prac. & Rem. Code § 154.071(a) (Vernon 2005) (providing that a settlement agreement is enforceable "in the same manner as any other contract"). Thus, the party seeking enforcement must pursue a separate breach of contract claim, which is subject to the normal rules of pleading and proof. *Mantas*, 925 S.W.2d at 659; *Padilla*, 907 S.W.2d at 462. "In short, if consent is withdrawn, 'the only method available for enforcing a settlement agreement is through summary judgment or trial.'" *Gunter v. Empire Pipeline Corp.*, No. 05-08-00824-CV, 2009 WL 2196119, at *1 (Tex. App.—Dallas July 24, 2009, pet. denied) (citing *Staley v. Herblin*, 188 S.W.3d 334, 336–37 (Tex. App.—Dallas 2006, pet. denied)). The law does not recognize the existence of any special summary proceeding for the enforcement of a written settlement agreement, even one negotiated and executed in the context of a mediation. *Id.* (citing *Cadle Co. v. Castle*, 913 S.W.2d 627, 630 (Tex. App.—Dallas 1995, writ denied)); *see Martin v. Black*, 909 S.W.2d 192, 195 (Tex.

5

App.—Houston [14th Dist.] 1995, writ denied) ("When the legislature enacted the ADR statute [civil practice and remedies code section 154.071], it did not order the courts to follow a special procedure applicable only to mediated settlement agreements.").

Assuming without deciding that the allegations and arguments contained in Smith's "Motion to Sign Final Order" and "Supplemental Motion to Sign Final Order and Motion for Enforcement" were sufficient to give Pena fair notice of his contract claim and, thus, satisfied pleading requirements,[3] Smith failed to support his action to enforce the settlement agreement with legally sufficient evidence.

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and*

---

[3]*See Cadle Co.*, 913 S.W.2d at 630–31 (reasoning that a petition in a contract claim must contain a short statement of the claim sufficient to give fair notice of the claim involved, including an allegation of a contractual relationship between the parties and the substance of the contract that supports the pleader's right to recover); *see also Bayway Servs., Inc. v. Ameri-Build Constr., L.C.*, 106 S.W.3d 156, 160 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding that appellee met its pleading requirement because it filed a motion to sign judgment that alleged a contractual relationship with appellant and attached the settlement agreement to the motion); *Quanaim v. Frasco Rest. and Catering*, No. 01-03-01156-CV, 2005 WL 856911, at *3 (Tex. App.—Houston [1st Dist.] Apr. 14, 2005, no pet.) (mem. op.) (same).

*"Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960). More than a scintilla of evidence exists when the evidence supporting the finding, as a whole, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995). When there is no indication that evidence was admitted or considered by the trial court prior to rendering judgment and the record on appeal contains no statement of facts, we indulge no presumptions in favor of the judgment. *Otis Elevator v. Parmelee*, 850 S.W.2d 179, 181 (Tex. 1993).

To prevail on a breach of contract claim, the plaintiff must plead and prove (1) a contract existed between the parties; (2) the contract created duties; (3) the defendant breached a material duty under the contract; and (4) the plaintiff sustained damages. *Cadle Co.*, 913 S.W.2d at 631.

At the hearing on his motions, Smith did not present any evidence in support of his claim for breach of the settlement agreement. He merely presented argument asking the trial court to sign the final order enforcing the settlement agreement.

Smith argues that the trial court did not err by executing the final order because Pena presented no evidence that the proposed order did not comply with the terms of the settlement agreement and no evidence that she had rescinded the settlement agreement. But Smith, not Pena, had the burden of proof in support of the contract claim, and Pena sought to set aside the settlement agreement.

7

Because Smith failed to offer any evidence, we hold that the evidence is legally insufficient to support the trial court's judgment. *See Bayway Servs.*, 106 S.W.3d at 160–61 (holding that the evidence was legally insufficient to support the trial court's judgment because appellee presented no evidence that appellant breached settlement agreement); *cf. Padilla*, 907 S.W.2d at 462 (holding that summary judgment evidence established an enforceable settlement agreement as a matter of law); *Quanaim*, 2005 WL 856911, at *4 (holding that the evidence was legally sufficient to support the trial court's judgment because appellee presented evidence of breach of contract). We sustain Pena's first issue.

Having prevailed on a no-evidence issue, Pena would ordinarily be entitled to the rendition of judgment in her favor. *See Nat'l Life & Accident Ins. Co. v. Blagg*, 438 S.W.2d 905, 909 (Tex. 1969). However, the supreme court has held that appellate courts have broad discretion to remand in the interest of justice. *Scott v. Liebman*, 404 S.W.2d 288, 294 (Tex. 1966). As long as there is a probability that a case has for any reason not been fully developed, an appellate court has the discretion to remand rather than render a decision. *Zion Missionary Baptist Church v. Pearson*, 695 S.W.2d 609, 613 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). Because of our conclusion of Pena's first issue, and in the interest of justice, we will remand this case for further proceedings rather than render a judgment. *See Bayway Servs.*, 106 S.W.3d at 161 (remanding case after sustaining legal sufficiency issue involving disputed mediated settlement agreement).

8

Having sustained Pena's dispositive first issue, we need not address her second issue complaining about the settlement agreement's failure to include a legal description of the property. *See* Tex. R. App. P. 47.1.

## V. CONCLUSION

We deny Smith's motion to dismiss, reverse the trial court's judgment, and remand the cause to the trial court for further proceedings consistent with this opinion.

BILL MEIER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: August 12, 2010

9