

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00142-CV

MICHAEL A. SMITH                                                            APPELLANT

V.

CINDY PENA                                                                    APPELLEE

----------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY
TRIAL COURT NO. CV08-09-684

----------

## MEMORANDUM OPINION[1]

----------

Appellant Michael A. Smith, an attorney, sued Appellee Cindy Pena for breach of a mediated settlement agreement.[2] Smith sought to compel Pena to convey to him three acres of land in Wise County for $9,000 in accordance with

---

[1]See Tex. R. App. P. 47.4.

[2]See Pena v. Smith, 321 S.W.3d 755 (Tex. App.—Fort Worth 2010, no pet.) (reviewing earlier proceedings related to the settlement agreement).

the agreement. At the time of the bench trial from which Smith appeals, Pena's daughter had become the court-appointed legal guardian of Pena's person and estate.

The trial court signed a judgment finding that Pena had breached the settlement agreement and that Smith had sued her for specific performance, divesting Pena and her guardian of ownership of the property, conveying the property to Smith, and denying Smith any attorney's fees. Smith appeals from the denial of attorney's fees.

In Pena's appellee's brief, she argues that Smith's notice of appeal was not timely. We address this argument first because it challenges this court's jurisdiction.[3] Although the trial was held on June 25, 2013, the judgment was not signed until April 4, 2014. Smith's notice of appeal was filed on April 30, 2014. As such, his notice of appeal was timely filed.[4]

Pena also raises issues in her appellee's brief challenging the trial court's judgment granting specific performance to Smith and complaining of, among other things, Smith's failure to pay for the land as ordered by the trial court. She

---

[3]*See* Tex. R. App. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from.").

[4]*See* Tex. R. App. P. 26.1 (requiring a notice of appeal to be filed within thirty days after the judgment is signed).

did not, however, file a notice of appeal. For that reason, we may not consider her issues.[5]

We now turn to Smith's appeal. Smith's brief does not contain a statement of the issue or point on appeal.[6] His argument, however, makes clear that his point is that the trial court abused its discretion by not awarding him attorney's fees.

Smith argues that an award of attorney's fees was mandatory under civil practice and remedies code section 38.001[7] and that Pena did not produce evidence establishing that his requested fees were not reasonable. Smith does not explain, however, how *he* met his burden of showing that the fees he requested were reasonable.[8] He cites to no case law or statute explaining what kind of evidence shows that fees are reasonable and necessary under section 38.001. The only authorities to which he cites are a case setting out the abuse of

---

[5]*See* Tex. R. App. P. 25.1(c) (stating that "[a] party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal" and that "[t]he appellate court *may not* grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause" (emphasis added)).

[6]*See* Tex. R. App. P. 38.1(f) ("The brief must state concisely all issues or points presented for review.").

[7]*See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2015) (stating that in a breach of contract case, "[a] person may recover reasonable attorney's fees").

[8]*See id.*

3

discretion standard,[9] section 38.001, and a case holding that an award of attorney's fees under a statute stating that a party "may recover" attorney's fees is not discretionary and then discussing the standards for an award of attorney's fees under the declaratory judgments act.[10] Even applying the standards for proving a reasonable fee under the declaratory judgments act,[11] Smith does not explain how the evidence at trial established the requested fees were reasonable under the law.[12] And even if he had done so, Smith does not explain how he has met the requirements for recovering attorney's fees in breach of contract cases.[13] Accordingly, we cannot say that the trial court abused its discretion by denying him attorney's fees.[14] We overrule his sole issue.

---

[9]*Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

[10]*Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998).

[11]*See id.* (referencing the *Arthur Anderson* factors that guide the determination of the reasonableness of a fee). *Cf.* Tex. Civ. Prac. & Rem. Code Ann. § 38.003 (West 2015) (providing a standard for determining a reasonable fee in a breach of contract case).

[12]*See* Tex. R. App. P. 38.1(i).

[13]*See MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 666 (Tex. 2009) ("To recover fees under this statute, a litigant must do two things: (1) prevail on a breach of contract claim, *and* (2) recover damages." (emphasis added)).

[14]*See id.*; *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (stating that an appellate court has discretion to waive point of error due to inadequate briefing).

4

Having overruled Smith's sole issue on appeal, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

DELIVERED:  June 25, 2015