

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00133-CV

James Clinton **COYLE**,
Appellant

v.

**COYLE FAMILY FARM, INC.**,
Appellee

From the County Court at Law, Medina County, Texas
Trial Court No. 3208
Honorable Vivian Torres, Judge Presiding

Opinion by:  Rebeca C. Martinez, Justice

Sitting:  Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  July 26, 2017

REVERSED AND RENDERED

James Clinton Coyle appeals the trial court's forcible detainer judgment requiring him to vacate his residence on the Coyle Family Farm and granting a writ of possession to Coyle Family Farm, Inc. ("CFFI").  We reverse the trial court's judgment and render judgment dismissing CFFI's forcible detainer action with prejudice.

## BACKGROUND

In 2003, James Coyle and other Coyle family members conveyed their interests in 764 acres of land in Medina County, Texas, known as the Coyle Family Farm (the "Property"), to CFFI

in exchange for 100 shares each of CFFI common stock. The deed was recorded in the Medina County, Texas records. James Coyle was allowed to live on the Property. Disputes subsequently arose among the owners of CFFI and James Coyle regarding his use of the Property, and CFFI filed an eviction, or forcible detainer, action against Coyle in 2013. The forcible detainer action was abated when Coyle filed a trespass to try title action challenging CFFI's title to the Property. Coyle also filed a lawsuit against the Coyle Farms Partnership. The parties participated in court-ordered mediation and reached a settlement resulting in dismissal of all three lawsuits with prejudice. The Mediated Settlement Agreement signed on May 15, 2015 provided that James Coyle agreed to sell and convey all his CFFI stock to CFFI's other shareholders "with the intent of including in such sale and conveyance all real property in which [he] claims an interest that is held in the name of CFFI or which is held in his own name including . . . that certain tract of land consisting of approximately 764 acres of land in Medina County, Texas and known as the Coyle Farm . . . ." In return, Coyle was to receive a payment of $44,781 from Coyle Farms Partnership and a payment of $670,000 from the individual shareholders of CFFI. The Settlement Agreement further provided that Coyle and his wife "only shall have the right to live in the residence manufactured home [on the Property] until December 31, 2015 at which time they shall vacate."

Coyle did not vacate the Property by the deadline stated in the Settlement Agreement, and CFFI promptly filed a new forcible detainer action against him in justice court. *See* TEX. R. CIV. P. 510.3. On January 20, 2016, the justice court granted CFFI's complaint for forcible detainer and ordered that Coyle vacate the Property and cede immediate possession to CFFI by 5:00 p.m. that same day. The justice court recited in its judgment that its ruling was based on "the evidence presented, including that certain Mediated Settlement Agreement dated May 15, 2015 and in accordance with the Deed . . . executed December 1, 2003 . . . [under which] Coyle Family Farm, Inc., became the record owner" of the Property. Coyle appealed to county court. *See* TEX. R. CIV.

P. 510.9, 510.10. After a trial de novo, the county court rendered judgment on March 11, 2016 in favor of CFFI, granting it a writ of possession and ordering Coyle to vacate the Property. The judgment also imposed court costs and attorney's fees against Coyle in the amount of $9,663.75. Coyle now appeals.

### ANALYSIS

On appeal, Coyle argues that CFFI improperly used the expedited eviction process in justice court to enforce the December 31, 2015 vacancy deadline set forth in the Settlement Agreement. *See* TEX. PROP. CODE ANN. § 24.002 (West 2014) (forcible detainer action). He contends the justice court and county court lacked jurisdiction to "effectively enforce" a contractual obligation stated in the Settlement Agreement. *See* TEX. R. CIV. P. 510.3(b) (justice court has jurisdiction over forcible detainer actions); *id.* R. 510.9 (county court has jurisdiction over the appeal). Coyle alternatively asserts that any dispute arising under the Settlement Agreement was required to be resolved by mandatory mediation and/or binding arbitration under the express terms of the agreement.

CFFI responds that its eviction action is completely unrelated to the Settlement Agreement. CFFI asserts that it is not seeking to enforce the Settlement Agreement, but merely availing itself of the expedited statutory procedure for property owners to obtain physical possession from a holdover tenant or tenant at sufferance. *See* TEX. PROP. CODE ANN. § 24.002(a)(1), (2) (West 2014); *see also Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006) (action for forcible detainer is "intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property"). CFFI argues the evidence of its title and superior right to possession of the Property was undisputed in the justice court and the county court. CFFI cites the undisputed evidence as: the 2003 deed; the agreed dismissal of Coyle's trespass to try title action; and the Settlement Agreement's deadline for Coyle to vacate the Property. Therefore, CFFI

argues that under the statutory procedure it was entitled to the writ of possession awarded by both lower courts.

The ultimate issue in this case is whether CFFI may use a new eviction action against Coyle as a remedy for his failure to vacate by the deadline set forth in the Settlement Agreement. It is the Settlement Agreement that created the contractual obligation for Coyle to vacate the Property. And, CFFI admittedly relies on the Settlement Agreement as part of the evidence warranting Coyle's eviction. The justice court's judgment expressly recited that its ruling was based, in part, on the Settlement Agreement. Therefore, we first consider the provisions of the Settlement Agreement.

We construe a written settlement agreement in the same manner as any other type of written contract. *Garza v. Villarreal*, 345 S.W.3d 473, 479 (Tex. App.—San Antonio 2011, pet. denied); TEX. CIV. PRAC. & REM. CODE ANN. § 154.071(a) (West 2011). Courts interpret an unambiguous contract according to the plain meaning of the language used within the four corners of the agreement in an effort to ascertain the true intent of the parties. *Garza*, 345 S.W.3d at 479-80; *Seagull Energy E & P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006). The court gives the terms used in the contract their plain, ordinary meaning, unless the contract shows the parties used them in a technical or different sense, and views the contract as a whole in an effort to harmonize and give effect to all provisions so that none will be rendered meaningless. *Garza*, 345 S.W.3d at 479-80. Construction of a contract is a question of law for the court. *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011).

In their briefs, both Coyle and CFFI state that the Settlement Agreement resolved all issues of ownership and right to possession of the Property. Specifically, the Settlement Agreement addressed and resolved all the claims raised in three lawsuits: Cause No. 13-10-22080-CV, styled *James Coyle v. Coyle Family Farm, Inc.*, filed in the 38th Judicial District Court of Medina County

(trespass to try title action); Cause No. 13-10-22074-CV, styled *Coyle Farms Partnership v. James Coyle*, filed in the 38th Judicial District Court of Medina County (partnership/injunction action); and Cause No. 2013-0019FD, styled *Coyle Family Farm, Inc. v. James Coyle*, filed in the Justice Court, Pct. 1, of Medina County (eviction action).[1] The three lawsuits were dismissed with prejudice as part of the Settlement Agreement. Under the express terms of the Settlement Agreement, the parties' mutual releases forever discharged each party from "any and all claims, actions, [and] causes of action . . . including but not limited to those . . . that relate in any way to the lawsuits" and "any claims that were asserted or could have been asserted in the lawsuits." The agreement further expressed the parties' intent that the releases "be given the broadest possible interpretation so that any further litigation between the parties, except for the obligations of consideration required by Paragraph 2, is waived such that the parties to this agreement waive every claim and cause of action against any other party to this agreement . . . ." Section 17.3 of the Settlement Agreement requires that, "[a]ny disputes concerning this Agreement" must first be submitted to mandatory mediation, and if mediation is unsuccessful, then to binding arbitration. Finally, section 19 provides that "all future rights and obligations of the Parties shall be governed solely by this Agreement."

According to the plain, unambiguous language of the Settlement Agreement, it fully addressed and resolved any and all issues pertaining to the ownership and right to possession of the Property. On the date of the agreement's execution, Coyle's contractual obligation to vacate the Property by December 31, 2015 was a future obligation created by, and to be performed under and "governed solely by," the Settlement Agreement. By seeking to remove Coyle from the Property, CFFI is in essence seeking specific performance under the Settlement Agreement.

---

[1] All three cases were consolidated into Cause No. 13-10-22080-CV.

Specific performance is an equitable remedy that may be granted upon proof of a breach of contract. *Levetz v. Sutton*, 404 S.W.3d 798, 805 (Tex. App.—Dallas 2013, pet. denied). A party seeking specific performance must plead and prove "(1) compliance with the contract including tender of performance unless excused by the defendant's breach or repudiation and (2) the readiness, willingness, and ability to perform at relevant times." *Id.* (citing *DiGiuseppe v. Lawler*, 269 S.W.3d 588, 593-94, 601 (Tex. 2008)). As with any other breach of contract claim, a claim for breach of a settlement agreement is subject to the same requirements of pleading, defenses, discovery, and proof. *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009); *Levetz*, 404 S.W.3d at 805-06. "[T]he law does not recognize the existence of any special summary proceeding for the enforcement of a written agreement, even one negotiated in the context of a mediation." *Levetz*, 404 S.W.3d at 805 (quoting *Gunter v. Empire Pipeline Corp.*, 310 S.W.3d 19, 22 (Tex. App.—Dallas 2009, pet. denied)). CFFI was not entitled to use the summary forcible detainer procedure to enforce Coyle's obligation under the Settlement Agreement.

**CONCLUSION**

Based on the foregoing analysis, we reverse the trial court's judgment and render judgment dismissing CFFI's forcible detainer action with prejudice to refiling.

Rebeca C. Martinez, Justice