

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00009-CV

**IN THE ESTATE OF** Barbara R. **DEAN**, Deceased

From the County Court, Jim Wells County, Texas
Trial Court No. 7344
Honorable Homero Garza, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:       Karen Angelini, Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  February 28, 2018

REVERSED AND REMANDED

Ruth Dean Brillhart appeals the trial court's judgment enforcing a Rule 11 agreement, asserting: (1) the proper procedure for obtaining a judgment based on a breach of a Rule 11 agreement was not followed; (2) if the proper procedure was followed, the evidence is insufficient to prove the appellee's breach of contract claim; and (3) the terms of the judgment vary from the terms of the Rule 11 agreement. We reverse the trial court's judgment and remand the cause for further proceedings.

### BACKGROUND

Barbara Dean Hendricks, a beneficiary of the Estate of Barbara R. Dean, sued Ruth Dean Brillhart, the independent executrix of the Estate, asserting various causes of action including forgery and breach of fiduciary duty. After eight days of trial, on September 28, 2015, the parties

reached a settlement and dictated the terms of a Rule 11 settlement agreement into the record. One of those terms required Brillhart to deposit $250,000.00 in the registry of the court on October 12, 2015, if the parties had not finalized the terms of the settlement documents. It is undisputed Brillhart did not deposit the funds into the court's registry; however, the reason she refused to make the deposit is disputed.

On September 12, 2016, Hendricks filed a motion to enforce the Rule 11 agreement, asserting Brillhart had "failed to abide by the Rule 11 Agreement in its entirety." Hendricks cited a case holding a claim for breach of settlement agreement could be asserted in a motion to enforce and requested the trial court to enter a final judgment enforcing the settlement agreement.

On October 25, 2016, Brillhart filed a response to Hendricks's motion, asserting she did not deposit the funds into the court's registry because Hendricks was not negotiating the settlement documents in good faith. Brillhart also asserted she had filed a separate lawsuit against Hendricks seeking enforcement of the Rule 11 agreement. Finally, Brillhart asserted Hendricks had failed to tender performance which was a necessary element of her breach of contract claim.

On October 27, 2016, the trial court held a hearing on the motion to enforce, and the attorneys and the trial court spent a great deal of time discussing the terms of the settlement as dictated in the record, the parties' subsequent actions, and the trial court's options. During the hearing, Hendricks's attorney presented a proposed judgment to the trial court which had not been provided to Brillhart's attorney. In response to the portion of the proposed judgment finding Brillhart breached the Rule 11 agreement, Brillhart's attorney argued a factual dispute existed with regard to the breach of the settlement agreement, Brillhart was allowed a trial on the issue of breach, and she had not been given a trial. Finally, after the parties and the trial court discussed various problems with the language of the proposed judgment and various objections made by Brillhart to its provisions, the following exchange occurred:

MR. RAYFIELD [Brillhart's attorney]: There was no setting for motion to enter judgment today, so I did want to make it clear on the record that we're not participating in this hearing by agreement. I didn't even know you were going to enter a judgment, which apparently you're doing right now, is what you're doing is signing a judgment.

THE COURT: Plaintiff's Motion to Enforce Rule 11 Agreement was set for hearing today.

MR. RAYFIELD: That's correct, Your Honor, and the reason that they haven't followed pleadings and proof, and there is a jury demand in the case, so we really don't feel that they have properly pled nor proven their case. They haven't showed that they could tender performance, they've never shown tendered performance, so they can't attempt to go through it at this point, Your Honor. So I just wanted to make sure the Court knew our position. I didn't want someone to appeal, if it got appealed to say, oh, no, they agreed to have the motion for entry of judgment heard because, you know, we didn't. That's all I'm saying Judge.

MR. TOWLER [Hendricks's attorney]: Your Honor, I will point to the Plaintiff's Motion to Enforce Rule 11 Agreement, the one that was filed on or about September 12th, under the request for relief. "Enforce the Rule 11 Agreement by entering final judgment against defendant pursuant to the terms of the Rule 11 Agreement."

THE COURT: Well, I was here to either grant your motion to enforce or deny your motion to enforce.

MR. TOWLER: And the relief requested was entry of a final judgment.

MR. RAYFIELD: And of course the judgment could have been provided prior to the hearing. Once again Mr. Towler brings something the day of the hearing so we can't even review —

THE COURT: I'm concerned — and I will give you a rehearing with regard to whether — upon a closer review of the proffered judgment there's stuff in there that you didn't have enough time to find, that was inconsistent [with the Rule 11 agreement]. And I'm going to go by the — if you want to argue anything to me about this, you've got to tell me about what is in the transcript.[1] I've signed the judgment.

As noted in the record, the trial court signed a judgment, finding the parties entered into a valid

Rule 11 agreement, setting forth the terms of that agreement, and finding Brillhart breached the

---

[1] This reference is to the reporter's record containing the terms of the Rule 11 agreement that were dictated into the record.

agreement. Brillhart subsequently filed a motion for new trial asserting various grounds, including alleged inconsistencies between the judgment and the terms of the Rule 11 agreement.

On December 8, 2016, the trial court held a second hearing. At that hearing, the trial court first heard argument regarding omissions in the judgment and made handwritten changes to the October 27, 2016 judgment. The trial court then heard argument on Brillhart's motion for new trial. During the hearing, Brillhart's attorney stated Brillhart had withdrawn her consent to the settlement. At the conclusion of the hearing, the trial court signed a new judgment rescinding the October 27, 2016 judgment and adding an additional paragraph to the prior judgment. The trial court also denied Brillhart's motion for new trial. Brillhart appeals.

## DISCUSSION

In her first issue, Brillhart contends the trial court erred in entering the judgment without following the procedure applicable when one party to a Rule 11 agreement withdraws consent before the trial court enters a judgment.[2] We agree.

A trial court cannot render an agreed judgment after a party has withdrawn its consent to a settlement agreement.[3] *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995); *Gamboa v. Gamboa*, 383 S.W.3d 263, 269 (Tex. App.—San Antonio 2012, no pet.). However, "this does not preclude the court, after proper notice and hearing, from enforcing a settlement agreement complying with Rule 11 even though one side no longer consents to the judgment." *Padilla*, 907 S.W.2d at 461. In such a case, "the party seeking enforcement must pursue a separate breach-of-contract claim, which is subject to the normal rules of pleading and proof." *Mantas v. Fifth Court*

---

[2] Hendricks argues Brillhart did not "'unequivocally' withdraw her consent" and refers to "the murky nature of [Brillhart's] supposed consent withdrawal." We disagree that Brillhart did not withdraw her consent. At the December 8, 2016 hearing, Brillhart's attorney stated, "We have withdrawn consent, Your Honor, because they settled it based upon fraud, fraudulent allegations that they were going to file." Even if the reason Brillhart's attorney gave for withdrawing consent is confusing, the withdrawal of consent was unequivocal.

[3] We note the trial court in this case did not enter an agreed judgment. The judgment in this case was based on the trial court's finding that Brillhart breached the settlement agreement.

*of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996); *see also Gamboa*, 383 S.W.3d at 269 (citing *Mantas*). "The law does not recognize the existence of any special summary proceeding for the enforcement of a written settlement agreement." *Pena v. Smith*, 321 S.W.3d 755, 758 (Tex. App.—Fort Worth 2010, no pet.); *see also Gunter v. Empire Pipeline Corp.*, 310 S.W.3d 19, 22 (Tex. App.—Dallas 2009, pet. denied). Therefore, "the only method available for enforcing a settlement agreement is through summary judgment or trial." *Gamboa*, 383 S.W.3d at 269; *see also Pena*, 321 S.W.3d at 758; *Gunter*, 310 S.W.3d at 22. "To allow enforcement of a disputed settlement agreement simply on motion and hearing would deprive a party of the right to be confronted by the appropriate pleadings, assert defenses, conduct discovery, and submit contested fact issues to a judge or jury." *Gamboa*, 383 S.W.3d at 269-70; *In re BBX Operating, LLC*, No. 09-17-00079-CV, 2017 WL 1437135, at *1(Tex. App.—Beaumont Apr. 20, 2017, orig. proceeding) (mem. op.) ("Due process requires a full hearing before a court having jurisdiction, the opportunity to introduce evidence at a meaningful time and in a meaningful manner, and the right to judicial findings based on the evidence. A judgment enforcing the settlement agreement involuntarily may only be rendered after a trial on the merits, whether by a bench trial or jury trial, or by summary judgment."); *Carlton Energy Group, LLC v. Pal*, No. 14-11-00113-CV, 2012 WL 8017137, at *2 (Tex. App.—Houston [14th Dist.] Feb. 16, 2012, no pet.) (mem. op.) ("After proper pleading and proof, a party may obtain a judgment enforcing the contract through summary-judgment proceedings, if no fact issue exists, or by non-jury or jury trial, if a fact issue exists. If one party withdraws his consent to a settlement agreement, the trial court may render judgment on the agreement only through one of the above-outlined procedural vehicles."); *Gunter*, 310 S.W.3d at 22 (holding "summary procedure employed by the trial court deprived [appellant] of the right to be confronted by appropriate pleadings, assert defenses, conduct discovery, and submit factual disputes to a fact finder"); *Yosemite Auto (Shanghai) Co., Ltd. v. JRS Metals, Inc.*, No. 4:15-CV-

1641, 2016 WL 4435437, at *3 (S.D. Tex. Aug. 23, 2016) (noting trial court "cannot enforce [a settlement] agreement without a full determination of the relevant facts and circumstances via summary judgment or trial; to do so would deprive Defendant of due process").

Although Hendricks's motion to enforce was a proper pleading to assert her breach of contract claim, *see Matinee Media Corp. v. Falcon*, No. 04-12-00133-CV, 2012 WL 3104530, at *3 (Tex. App.—San Antonio Aug. 1, 2012, no pet.) (mem. op.), the trial court violated Brillhart's due process rights by resolving the claim in a hearing that was not a hearing on a motion for summary judgment or a trial.[4]  Accordingly, the trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings.

Rebeca C. Martinez, Justice

---

[4] Even if we were equate the hearing to a bench trial, no evidence was admitted at the hearing; therefore, the evidence is legally insufficient to support the trial court's judgment. *See Warrant v. BP Products North Am., Inc.*, No. 14-13-00564-CV, 2014 WL 4262176, at *5 (Tex. App.—Houston [14th Dist.] Aug. 28, 2014, no pet.) (holding evidence insufficient to enforce settlement agreement where record revealed no witnesses testified and no exhibits were admitted in evidence); *Pena*, 321 S.W.3d at 758-59 (holding party seeking to enforce settlement agreement did not meet burden of proof where party "merely presented argument asking the trial court to sign the final order enforcing the settlement agreement" and no evidence was presented in support of his breach of contract claim); *Bayway Servs., Inc. v. Ameri-Build Constr., L.C.*, 106 S.W.3d 156, 160-61 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding evidence insufficient to support breach of settlement agreement claim where record did not indicate trial court heard any evidence).