

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00298-CV

———————————————

MARCELO REMIGIO, JR. AND JUANA MARISELA ACOSTA, Appellants

V.

LEOBARDO ARMENTA AND ESMERALDA ORTEGA MALDONADO,
Appellees

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2018-000862-2

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

In this one-issue appeal from a bench trial concerning ownership of a truck, Appellants Marcelo Remigio, Jr. and Juana Marisela Acosta complain that the trial court erred in not awarding them declaratory relief against Appellees Leobardo Armenta and Esmeralda Ortega Maldonado based on a mediated settlement agreement (MSA). No reporter's record was filed in the appellate record. Because a reporter's record was required to show error that required reversal, we will affirm.

## II. BACKGROUND

In February 2018, Appellees filed suit against Appellants in county court, alleging that Appellants had sold them a Chevrolet Silverado for $5,000 cash and an agreement for Appellees to pay directly to the financier the remaining balance of the first lien note that was in Appellants' names. According to Appellees, after they made all payments, Appellants "took the truck from [Appellees], using a spare key, without [Appellees'] knowledge nor consent and have kept the truck in their possession."

In their pleadings, Appellees acknowledged that an earlier dispute regarding the truck had been filed in small claims court, for which an MSA was reached. However, they alleged that Appellants "did not fulfill their respective duties and failed to provide the information necessary in order for the [Appellees] to pay off the vehicle as agreed per the [MSA]." Appellees sought to recover their damages and attorney's fees.

Appellants answered the lawsuit and filed a counterclaim for breach of the MSA. In addition to asserting a breach-of-contract cause of action and seeking $3,700 in damages, Appellants sought declaratory relief that the MSA was valid and enforceable, resolved all underlying issues, waived all future claims and liability, and was irrevocable. Appellees filed a general denial in response to the counterclaim.

The case was tried to the bench, and judgment was later entered that provided:

- On the claim of breach of contract, the court found in favor of Appellees and against Appellant Remigio in the amount of $5,000, plus prejudgment and postjudgment interest;

- On the counterclaim of breach of contract, the court found in favor of Appellants and against Appellee Armenta in the amount of $1,850, plus prejudgment and postjudgment interest; and

- On the attorney's fees claim, the court found in favor of Appellees in the amount of $8,788, plus postjudgment interest.

The judgment stated that it disposed of all parties and claims and was appealable. No findings of fact and conclusions of law were filed. Appellants appealed from this judgment.

## III. DISCUSSION

In one issue on appeal, Appellants complain that the trial court erred in not awarding them "the sought-after and pled declaratory judgment."[1] They argue that the MSA "was admitted into evidence in the [t]rial [c]ourt and was dispositive of the issues before the [t]rial [c]ourt." Appellees have not filed a brief in response.

However, we do not know what evidence was admitted by the trial court, as no reporter's record was filed.[2] It is Appellants' burden to bring forward a sufficient record showing error committed by the trial court. *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see Sam F. v. Hamamiyah*, No. 02-14-00109-CV, 2014 WL 6493588, at *2 (Tex. App.—Fort Worth

---

[1]Despite failing to grant declaratory relief, the judgment is final because it followed a conventional trial on the merits and recited that it "disposes of all parties and all claims and is appealable." Under the *Aldridge* presumption, any judgment following a conventional trial on the merits creates a presumption that the judgment is final for purposes of appeal. *Vaughn v. Drennon*, 324 S.W.3d 560, 561 (Tex. 2010) (citing *Ne. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966)). Such a judgment need not dispose of every claim for the presumption to apply. *Id.*; *see In re Stavron*, No. 02-20-00404-CV, 2021 WL 5227081, at *9 (Tex. App.—Fort Worth Nov. 10, 2021, no pet.) (mem. op.) (concluding that a post-trial judgment that did not address a request for declaratory relief was final).

[2]In our letter of October 26, 2021, we notified Appellants' attorney that the court reporter responsible for preparing the reporter's record in this appeal had informed the court that payment arrangements had not been made for the reporter's record. *See* Tex. R. App. P. 35.3(b)(3). Thereafter, on November 29, 2021, we notified the attorneys that Appellants had failed to pay or make arrangements to pay for the reporter's record, and we would only consider and decide those issues or points that did not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c).

Nov. 20, 2014, no pet.) (mem. op.) (stating that, without a reporter's record, the court could not tell whether appellant revoked his consent to an agreed decree). Because there is no reporter's record, we must presume that any evidence presented to the trial court was sufficient to support the judgment. *Sam F.*, 2014 WL 6493588, at *1. In the absence of a reporter's record, we can consider and decide only those issues or points that do not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c).

As the parties seeking enforcement of the MSA, Appellants could pursue a breach-of-contract claim, which is subject to the normal rules of pleading and proof. Tex. Civ. Prac. & Rem. Code Ann. § 154.071(a) (stating that "[i]f the parties reach a settlement and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract"); *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996); *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995); *Pena v. Smith*, 321 S.W.3d 755, 758 (Tex. App.—Fort Worth 2010, no pet.). While they could also seek declaratory relief under the Uniform Declaratory Judgments Act (UDJA), the UDJA does not enlarge a trial court's jurisdiction, and a litigant's request for declaratory relief does not alter a suit's underlying nature. Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) (providing that the UDJA is a remedial statute designed "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations"); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009).

Because they were seeking a declaration, Appellants bore the burden of establishing their entitlement to the requested declaratory relief. *Alanis v. US Bank Nat'l Ass'n*, 489 S.W.3d 485, 500 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). Declaratory judgments are reviewed under the same standards as other judgments and decrees. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.010; *Roberts v. Squyres*, 4 S.W.3d 485, 488 (Tex. App.—Beaumont 1999, pet. denied). "We look to the procedure used to resolve the [declaratory judgment] issue at trial to determine the standard of review on appeal." *Guthery v. Taylor*, 112 S.W.3d 715, 720 (Tex. App.—Houston [14th Dist.] 2003, no pet.), *abrogated on other grounds by Colorado Cnty. v. Staff*, 510 S.W.3d 435 (Tex. 2017).

Here, Appellants argue that they were entitled to declaratory judgment as a matter of law. The trial court denied Appellants' claims for declaratory judgment when it rendered its final judgment that did not make the requested declarations and ordered that the judgment was final. *Alanis*, 489 S.W.3d at 500; *see Good v. Baker*, 339 S.W.3d 260, 265 (Tex. App.—Texarkana 2011, pet. denied) (concluding that the judgment was final even though the trial court did not address a declaratory-judgment claim). Therefore, we review Appellants' declaratory-judgment issue under the standard applicable to a party's challenge to a trial court's adverse ruling on an issue on which the challenger had the burden of proof. *Alanis,* 489 S.W.3d at 500. A party attacking the legal sufficiency of an adverse finding on an issue on which it bears the burden of proof must demonstrate on appeal that the evidence establishes, as a matter

of law, all vital facts in support of the issue, and it may prevail on appeal only if no evidence supports the court's finding that the contrary position is conclusively established. *Id.*

To demonstrate on appeal that the evidence established as a matter of law their entitlement to declaratory relief, the burden was on Appellants to present a sufficient record to show error requiring reversal. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record. Tex. R. App. P. 34.1. Issues that depend on the state of the evidence cannot be reviewed without a complete record, including a reporter's record. *In re B.J.W.*, No. 05-17-00253-CV, 2018 WL 3322882, at *2 (Tex. App.—Dallas July 6, 2018, no pet.) (mem. op.) (citing *Wilms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied)). Where there is neither a reporter's record nor findings of fact, we assume the trial court heard sufficient evidence to make all necessary findings in support of its judgment. *Hebisen v. Clear Creek Indep. Sch. Dist.*, 217 S.W.3d 527, 536 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

On the record before us—containing neither a reporter's record nor findings of fact—Appellants have failed to meet their burden to show that the trial court erred in denying declaratory relief. Therefore, we overrule Appellants' sole issue.

### IV. CONCLUSION

Having overruled Appellants' issue, we affirm the trial court's judgment.

7

/s/ Dana Womack

Dana Womack
Justice

Delivered:  July 7, 2022