

# NUMBER 13-24-00237-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE MATTER OF THE MARRIAGE OF JORGE BARAJAS AND SUSANA CANO

---

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 7 OF HIDALGO COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Justices Silva, Peña, and West**
**Memorandum Opinion by Justice West**

The trial court entered an order related to the division of interpleaded funds. Appellant Jorge Barajas asserts, among other issues, that there were no pleadings or motions before the trial court providing authority to enter the order. We agree, reverse, and remand.

## I.  BACKGROUND

This case originated as a divorce proceeding between Barajas and appellee Susana Cano. In February 2023, the trial court entered a final divorce decree. Several months later, Edward D. Jones & Co., LP (Edward Jones) filed an interpleader action related to funds in its possession belonging to the parties. At a January 8, 2024 status conference, the parties recited a settlement agreement on the record to evenly split one of the interpleaded funds, the Defined Benefit Plan. However, Barajas refused to sign an agreed order comporting with the agreement. At a hearing on Cano's motion to enter the agreed order, Barajas asserted that no pleadings or motions were before the court permitting entry of the order. The trial court rejected Barajas's argument and entered the proposed agreed order. Therein, the trial court ordered the equal division of the Defined Benefit Plan, and that, if a certain $55,000.00 sum specified by the divorce decree (to be paid by Barajas to Cano) was unpaid by a certain date, such funds shall be paid from Barajas's half of the interpleaded funds. This appeal followed.[1]

## II.  DISCUSSION

When one party withdraws consent to a settlement agreement, the trial court cannot enter a corresponding agreed judgment. *Gunter v. Empire Pipeline Corp.*, 310 S.W.3d 19, 22 (Tex. App.—Dallas 2009, pet. denied); *Mantas v. Fifth Ct. of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996). The law does not recognize accelerated enforcement of settlement agreements. *Gunter*, 310 S.W.3d at 22; *Mantas*, 925 S.W.2d at 658. Rather, the court must be presented with a separate breach of contract claim, which is subject to the normal rules of pleading and proof. *Gunter*, 310 S.W.3d at 22; *Mantas*, 925 S.W.2d

---

[1] Cano did not file a brief.

2

at 658. As a result, when consent is withdrawn, "the only method available for enforcing a settlement agreement is through summary judgment or trial." *Gunter*, 310 S.W.3d at 22 (citing *Staley v. Herblin*, 188 S.W.3d 334, 336 (Tex. App.—Dallas 2006, pet. denied)); *see Mantas*, 925 S.W.2d at 658. In *White v. Davenport*, our sister court reversed the trial court where "the settlement [in an interpleader action] fell apart, [and] the trial court proceeded to apportion the funds, without re-setting the rival claims for trial or following summary judgment procedure." 398 S.W.3d 802, 811 (Tex. App.—Beaumont 2012), *review granted, judgment vacated, and remanded by agreement*, No. 13-0090, 2013 WL 12501850 (Tex. Feb. 8, 2013). "If a court purports to render an agreed judgment after consent has been withdrawn, the judgment is void." *Twist v. McAllen Nat'l. Bank*, 248 S.W.3d 351, 359–60 (Tex. App.—Corpus Christi–Edinburg 2007, no pet.).

Because Barajas withdrew his consent to the settlement agreement, we find that the trial court lacked authority to enforce it. Enforcement required a separate breach of contract action, properly pled and proved. *See Gunter*, 310 S.W.3d at 22; *Mantas*, 925 S.W.2d at 658. The record does not include a breach of contract pleading from Cano, and there was no summary judgment or trial on the merits. *See Gunter*, 310 S.W.3d at 22; *White* 398 S.W.3d at 811. Thus, the trial court's agreed order is void. *See Twist*, 248 S.W.3d at 359–60.[2]

---

[2] Barajas asserted several other issues we need not address. *See* TEX. R. APP. P. 47.1. However, we note that Barajas generally challenges the trial court's jurisdiction within several of his issues. He argues that, because the trial court's plenary power in the divorce proceeding expired and Cano filed no post-judgment pleadings or motions, the trial court lacked jurisdiction to enter the agreed order. However, in an interpleader action, courts have jurisdiction to disburse funds upon determining ownership. *See Bryant v. United Shortline Inc. Assur. Servs, N.A.*, 972 S.W.2d 26, 29 (Tex. 1998); *Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 686 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (holding interpleader court had jurisdiction post-judgment to award remaining funds in the registry). Thus, we find the trial court has jurisdiction over the Edward Jones funds.

### III. CONCLUSION

We reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

JON WEST
Justice

Delivered and filed on the
6th day of November, 2025.